### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT HAWKINSVILLE,

### MAY TERM, 1848.

4 541
113 389

No. 57.—Jordan W. Lee, Adm'r of Stephen Sterling, deceased, and of Mary Ann Lee, plaintiff in error, *vs.* Noah Wheeler, defendant in error.

[1.] A husband who survives his wife, is entitled to all her choses in action, whether reduced into his possession in his life-time, or not.

Motion to dismiss the writ of error, for the failure to make proper parties. For the facts, see opinion of the Court.

McDonald, for the motion.

S. T. Bailey, *Contra.*

*By the Court.*—Lumpkin, J. delivering the opinion.

Pending this writ of error, Jordan W. Lee, plaintiff, has departed this life, and his death, twelve months since, was suggested on the record. Six months ago, at Savannah, an order was passed requiring representation to be had, both upon the estates of the said Jordan W. Lee, and of his intestates, on or before the second day of the present Term; or else, the case to be dismissed. Administration, *de bonis non*, has been granted on the estate of Stephen

Sterling; but the the estates, both of Mary Ann Lee and Jordan W. Lee, her surviving husband, remain still unrepresented. A motion is now made to dismiss the writ of error, for failure to comply with the *rule nisi*, heretofore granted. It is resisted, on the ground that notwithstanding Jordan W. Lee died subsequently to his wife, yet, having deceased without reducing into possession her interest involved in this litigation, that the same goes to her next of kin, and not to the administrator of her husband. As Mrs. Lee is a party to the record, it might be necessary, perhaps, under any circumstances, to have her estate represented. And although the failure to comply with the order *nisi*, would probably be sufficient to make it absolute, we are not prepared to give the ground assumed in the argument, even the sanction of our silence.

[1.] On the contrary, we hold that the principle is well and abundantly settled, that the husband shall have administration of all his wife's personal estate, which he did not reduce to possession before his death, and shall retain it to his own use; and in case of her death, before administration is granted to him, or it be recovered, the right to it passses to his personal representatives, and not to the wife's next of kin. Such is the universal construction given to 29 *Car.* 11, *C.* 3, *S.* 25. *Hargrave & Butler's note (A) Coke Littleton,* 304. *Squib vs. Wyn,* 1 *P. Wms.* 881. *Cart vs. Russ,* 1 *P. Wms.* 383. *Elliot vs. Collins,* 3 *Atk.* 527. *Bacon's Atr. tit. Baron & Feme C. note by Givillini. Christian in his note to* 2 *Black. Com.* 485. The delaratory Act of 22 and 23 *Charles* II. is only in affirmance of the Common Law; and the husband, *jure maritali,* is entitled to the wife's personal estate, let who will administer. 2 *Dev. R.* 362. If a husband dies before he administers, or before he has completed the administration of the wife's estate, though the right of administration may, perhaps, in that case, belong to the wife's next of kin; yet such an administrator will be regarded by the Court, as a trustee for the representatives of the husband, and be held accountable to them for the personal property of the wife. *By Chan. Kent, in Stewart vs. Stewart,* 7 *Johns. C. R.* 243. There is not an authority to be met with, contradicting this doctrine. *Spencer, J. Whitaker vs. Whitaker,* 6 *Johns. R.* 119.

Let the order pass. " Whereas, at the last term of this Court, held at Savannah, on the eleventh day of January last, an order was passed, reciting, that the defendant in error, having at the

last term of this Court, held at Hawkinsville, suggested of record, the death of the plaintiff in error, and a sufficient time having elapsed since his death, for a representation of his own and his intestate's estates to have been had, and no parties having been made, it was thereupon, on motion, ordered, that unless representations of said estates be had, and parties be made, on motion of the legal representatives thereof, as provided for in the 17th rule of this Court, on or before the second day of the present term of this Court, the said writ of error shall be dismissed, and the decree and judgment of the Court below should stand affirmed; and it was further ordered, that a copy of said order should be published in one of the gazettes of Milledgeville, for three successive weeks, at least sixty days before the term of this Court, to be held at Hawkinsville, or served on the adverse party thirty days before the first day of said term. And it appearing to this Court, now here sitting, that the said order of this Court has been published, as thereby it was ordered, and there have been no representatives of the estates of the said Jordan W. Lee and Mary Ann Lee appointed, as required by said order: it is therefore, on motion, ordered, that the above writ of error be dismissed, and that the decree and judgment of the Court below, stand affirmed."