Dennis and another *vs.* Green.

No. 34.—Isaac Dennis, Jr. and another, plaintiffs in error, *vs.* G. J. Green, administrator, &c. defendant.

[1.] The Court will dissolve an injunction, on the coming in of the answer of the defendant, who alone is interested, negativing all the facts and circumstances charged in the bill, and upon which its equity is based, though all the defendants have not answered.

[2.] Where the answer of the defendant is made, and sworn to, before his death, it may be used, on a motion to dissolve the injunction, though filed in Court subsequently.

[3.] A bill may proceed, without making the representatives of a *mere formal party*, parties to the proceeding.*

[4.] So, if the deceased was a *necessary* party to the final decree to be rendered, but not interested in the injunction, a motion to dissolve the injunction need not be postponed until the representatives are made parties.

In Equity, in Crawford Superior Court, before Judge Floyd, August Term, 1849.

G. J. Green, as administrator of D. M. Causey, filed a bill in Equity, against Isaac Dennis, Sr. and Isaac Dennis, Jr. alleging, among other things, that Causey and one Jeremiah Dennis, had been partners in the business of selling merchandize, and unfortunate therein; that Causey advanced large sums to pay off their indebtedness; that, having no funds to pay a debt to J. W. & R. Levette, their joint note was given, which note was also signed

*See *Smith & Shorter vs. Mitchell,* 6 *Ga. Rep.* 469.—[*Rep.*]

by Isaac Dennis, Sr. the father of Jeremiah Dennis, who agreed, at the time, to pay one half of it, as a donation to his son; that, subsequently, suit was commenced on this note, and judgment obtained against Causey, as surviving partner, and, also, against Isaac Dennis, Sr.; that Jeremiah Dennis died, pending the suit, and administration on his estate was granted to Isaac Dennis, Sr. and Isaac Dennis, Jr. who took possession of the assets; that the administrators agreed and promised Causey to pay off this judgment, obtained against him as surviving partner, with the assets of the estate, and to pay to Causey the amount due him for advancements for the firm. The bill charged that Isaac Dennis, Jr. had paid off this judgment, but, fraudulently combining with his father, took a transfer to himself, for the purpose of pressing the same against Green's intestate, Causey, who had then died; and also, for the purpose of relieving Isaac Dennis, Sr. from the payment of one-half of the same, according to his agreement and promise. The bill farther charged, that the administrators had wasted the assets, in pretending to pay accounts—among others, a large account to Isaac Dennis, Sr.; that they were fraudulently seeking to make the estate of Causey pay the judgment before stated, and had caused the same to be levied on property belonging to his estate, while there was a sufficiency of assets in their own hands to pay it. There were several other allegations of fraud, and a prayer for an injunction and relief.

The answers of the defendants were drawn and sworn to 15th January, 1849, and filed in the Clerk's office on 5th February, 1849. Previous to the filing of the answer, Isaac Dennis, Sr. died. At the February Term, 1849, defendants' solicitor moved to dissolve the injunction, because the equity, if any, in the bill, was sworn off by the answers. The death of Dennis, Sr. being suggested of record, the Court made no decision at that term, and at August Term, 1849, refused to dissolve the injunction, on the ground, that Isaac Dennis, Sr. was a necessary party to this bill, and complainant was entitled to his answer; that the Court could not consider or notice, judicially, the answer filed after the death of Dennis; and the Court could not entertain a motion to dissolve the injunction, until the representatives of Isaac Dennis, Sr. were made parties.

Which decision of the Court is assigned for error.

HUNTER, for plaintiff in error.

G. J. GREEN, STRONG and HALL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

In February, 1846, J. W. & R. Levette obtained a judgment against one David M. Causey, upon which an execution issued, and was transferred, by the plaintiffs, to Isaac Dennis, *Junior*, in the month of May thereafter, and was levied by the assignee, in 1848, on a house and lot in Knoxville. Causey, the defendant, being dead, Gilben J. Green, his administrator, filed an injunction bill against Isaac Dennis, *Junior*, and Isaac Dennis, *Senior*—both individually, and as administrators of Jeremiah Dennis, deceased, and Joel B. Morgan, Deputy Sheriff. The bill was made returnable to the February Term, 1849, of the Superior Court of Crawford County. Intermediate the service and appearance term, Isaac Dennis, *Senior*, departed this life—his answer having been previously made and sworn to, and filed in Court, subsequent to his death.

[1.] Application was made to dissolve the injunction, upon the ground, that the answers had fully denied all the equity in the bill; but this motion was refused by the Chancellor, for the reason, that Isaac Dennis, *Senior*, was a *necessary* party to the *bill;* that he could not *judicially* consider his answer, having been filed after his death; and that he would not entertain the motion to dissolve the injunction, until the representatives of Isaac Dennis, *Senior*, were made parties defendants to the bill.

Was the Court right in refusing to entertain the motion to dissolve the injunction?

It will be observed, that the execution which was enjoined, was the exclusive property of Isaac Dennis, *Junior*, who held it, and was seeking to enforce it, by virtue of an assignment to him, *individually*, from the Levettes, the original plaintiffs. Conceding, then, what is assumed by the Court below to be true, that Isaac Dennis, *Senior*, was a necessary party *to the case* made by the bill, does it follow, that the assignee of the *fi. fa.* whose legal rights were restrained, was compelled to wait until the estate of old man Dennis was represented, before he could take steps to get rid of the injunction? It seems to me, that, to hold up the

injunction on that account—when, if the representatives were made a party, it is apparent that the interest of their testator or intestate could, in no wise, be affected by the interlocutory decree respecting the injunction—would be a great perversion of justice.

The principle seems to be well established, that whenever the party against whom the injunction operates, fully answers the bill, denying the equity, it is competent for such party to move, at any time, for a dissolution of the injunction, without waiting for the answers of the other defendants. 3 *Davis' Ch. Plead. & Pr.* 1824. *Newland's Ch.* 98. *Joseph vs. Doubleday,* 1 *Ves. & Beam.* 497, '8. *Glascott vs. The Copper Mines Company,* 11 *Sim.* 314. *Breedlove vs. Stimp,* 3 *Yerg.* 257. *Goodwyn vs. State Bank,* 4 *Dessauss. R.* 389.

[2.] But here, the answer of Isaac Dennis, *Senior,* was made and sworn to, before he died. It was called for by the complainant, to prove the community of interest between the defendants. Being dead, he can never get any other or further answer. For what purpose, then, should this injunction be continued against Isaac Dennis, *Junior?* It could avail nothing, to postpone the hearing of this application, in order to make the representatives of Isaac Dennis, *Senior,* a party. Suppose, being appointed and qualified, they should attempt to withhold from the Court the answer made by the deceased—would not the Chancellor force them to file it, if it had not already been done? Would not the complainant be entitled to the full benefit of the admissions which it contains, as to the fraudulent combination between the father and the son? Equally competent, we apprehend, is it, for Isaac Dennis, *Junior,* to use this answer, to get rid of the injunction, provided it negatives all the facts and circumstances charged in the bill, in order to obtain the injunction:

[3.] But we do not rest our judgment mainly upon this ground, but upon the other view, namely, that as to the *injunction,* Isaac Dennis, *Senior,* is a mere *formal* party.

[4.] Where all the defendants are interested in the injunction, as well as the final decree to be rendered, there is a diversity of authority to be found in the books, as to whether or not *all* the defendants must answer, before the dissolution of the injunction can be granted. 2 *Eq. Cas. Ab.* 2, *marg. note* (a). In our judgment, however, this is not such a case.

Judgment reversed.