## ANDERSON, adm'r, *et al. v.* JENKINS *et al.*

*Atkinson, J.*—This being an action of trespass in which the evidence, though decidedly conflicting, warranted a verdict for the defendants, save only as to one item of damages amounting to at least six dollars, the court did not abuse its discretion in refusing to grant a new trial based on the general grounds that the verdict was contrary to law and the evidence, on condition that the defendants would pay to one of the plaintiffs entitled thereto the amount above mentioned; but the court ought to have annexed as another condition to its refusal of a new trial that the defendants should also pay the costs. This omission has been cured by appropriate direction.

August 10, 1896.                    *Judgment affirmed, with direction.*

Action of trespass. Before Judge Hardeman. Bibb superior court. April term, 1895.

*Steed & Wimberly,* for plaintiffs.

---

## GEWINNER, administrator, *v.* McCRARY.

*Simmons, C. J.*—In view of the conflicting evidence disclosed by the record, there was no abuse of discretion in granting the interlocutory injunction. Had it been otherwise, seemingly there would now be no occasion for reversing the judgment, since the death of the party enjoined, occurring after the writ of error was sued out, has taken the question of injunction out of the case. The remaining questions at issue can be adjudicated at the final trial.                    *Judgment affirmed.*

August 10, 1896.

Injunction. Before Judge Hardeman. Bibb county. September 7, 1895.

*Kibbee, Hodges & Grace,* for plaintiff in error.
*Chambers & Polhill,* contra.