*Ray & Ray*, for plaintiff.

---

## McCOWAN *et al. v.* BROOKS.

1. The death of the sole defendant in error in a bill of exceptions, after the same has been duly filed in the office of the clerk of the Supreme Court, does not cause the writ of error to abate.

2. The Supreme Court in such a case, having acquired jurisdiction, may compel the legal representative of the deceased defendant to come in and be made a party in such manner as may be in conformity to the law and the rules of court bearing on the subject.

3. In the absence of a statutory provision, the court, when no rule has been prescribed by it which will apply to the facts of a given case, will either promulgate a rule to cover such cases, or will in the particular case by order direct that a rule nisi, calling upon the legal representative to show cause why he should not be made a party, be served upon him in such manner as will be most effective in giving notice of the application to have him made a party.

4. When it appears in this court that one who was a non-resident of the State instituted an action of ejectment in a court of this State and obtained a judgment in his favor, and the case was brought to this court on writ of error sued out by the defendant, and the defendant in error died after the bill of exceptions reached this court, and the executors of the last will of such deceased party, themselves non-residents of the State, the will having been admitted to record in the State of their residence, appeared in the court of ordinary of this State and had the will recorded in the manner provided by law, and thus defeated the application of a resident of this State to be appointed administrator of the estate of the deceased in this State, and such executors fail and refuse to voluntarily come in and be made parties in this court; and when it also appears that a rule nisi calling upon them to show cause why they should not be made parties has been served personally upon the counsel of record for the deceased defendant in error and counsel for the executors in the proceeding in the court of ordinary, and upon the executors by having a copy of the rule nisi mailed to their address, and in response to such rule the only cause shown is that the court has no right to serve them in the manner above indicated, the court will, upon motion, grant an order that such executors be made

parties to the case, and that the same be heard when reached in its order on the docket, and that notice of the passage of this order be given by mailing a copy of the same to such executors and counsel at their respective places of residence.

Argued April 15, — Decided April 27, 1901.

Motion to make parties defendant in error.

*Bower & Bower, J. E. Donalson,* and *King & Spalding,* for movants. *Townsend & Westmoreland* and *Z. D. Harrison,* contra.

COBB, J. T. B. Brooks, a non-resident of the State, brought an action of ejectment in the superior court of Decatur county, against McCowan as tenant in possession, and Bower and Donalson were made parties defendant thereto on their own motion. Pending the trial an equitable amendment to the petition was allowed, and the plaintiff recovered a judgment under the allegations of the amendment. A motion for a new trial filed by the defendants having been overruled, they tendered and had certified a bill of exceptions, which was filed in the office of the clerk of this court on April 7, 1900. Subsequently to that date T. B. Brooks, the plaintiff and the sole defendant in error, departed this life. His death was suggested of record at the October term, 1900, of this court, and the case was continued. On the first day of the present term the plaintiffs in error presented a petition, setting forth that, when it appeared that the estate of T. B. Brooks was not likely to be administered upon in this State, they had caused the county administrator of Decatur county to apply for letters of administration on the estate, that on this application citation was duly issued and published, and at the return term of the citation Alfred H. Brooks and Rufus S. Woodward, as executors of the last will and testament of T. B. Brooks, deceased, late of Orange county, State of New York, filed objections to the granting of administration, on the ground that T. B. Brooks was a citizen and resident of the State of New York at the time of his death, that he died testate in that State, and that the objectors were his executors, duly qualified in the State of New York, and were residents of that State. With these objections they filed with the ordinary a certified copy of the will and probate and qualification and acceptance of the trust by the executors in the State of New York. They prayed that the will might be proved and admitted to record in this State. The ordinary, after having admitted such foreign will to record in the manner prescribed by

law, refused to grant either permanent or temporary letters of administration to the county administrator, holding that there was no necessity for any administration after the executors had filed the will and caused the same to be entered of record in this State. See Civil Code, § 3297 et seq. It was alleged that the executors in the proceedings before the ordinary were represented by the same counsel as appeared of record as representing the defendant in error in this court. The prayer of the petition was that a rule nisi issue, calling upon the executors to show cause on a day to be fixed by the court why they should not be made parties defendant in error, and that, as the executors reside out of this State, the court direct in the order that service of the rule nisi be made by serving the same upon the attorneys of record for the executors, and if the above can not be done, such order be served in whatever manner is consistent with the law and the practice of the court. The averments of the petition being supported by evidence satisfactory to the court, on March 28, 1901, an order was passed directing the executors above named to show cause on a given day why they should not be made parties defendant in error, and that a copy of the order be served personally upon the counsel of record for the defendant in error, and a copy be sent by mail to the post-office address of the executors. On the day fixed in the order just referred to it was shown for cause against the granting of an order making the executors parties, that the order of March 28 was improvidently granted, for the reason that there is no rule of court or statute authorizing such service as is directed to be made in the order, that there was no authority of law for compelling one to come in and be made a party in the manner indicated in the order, and that, no order having been taken at the October term with reference to service, it is too late at the present term to make parties, and the case should be dismissed for want of parties.

At common law a writ of error did not in any case abate by the death of the sole defendant in error, whether it happened before or after errors were assigned. 2 Tidd's Pr. (4th Am. ed.) § 1163, and cases cited; 2 Enc. P. & P. 200, and cases cited; Works' Courts & Jur. 307; Elliott's App. Pro. § 166. It necessarily follows from this, that when a court having jurisdiction to determine the questions made by a writ of error has acquired jurisdiction of the case, it does not lose the power to render a decision in the same on ac-

count of the death of the sole defendant to the writ of error. If there is no law prohibiting such a court from making the legal representative of the deceased defendant in error a party to the case, and if there is no statute prescribing the manner in which such representative shall be made a party and how notice of the fact that he is to be made a party shall be served upon him, the court may, by the promulgation of a general rule or the passage of an order in the particular case, direct the method to be adopted in making the representative a party, and declare what shall be sufficient notice to him of that fact. This seems to have been the view entertained by the Supreme Court of the United States in Green *v.* Watkins, 6 Wheat. 260, in which Mr. Justice Story uses this language: "The death of neither party produces any change in the condition of the cause or in the rights of the parties. It would seem reasonable, therefore, that the suit should proceed, and not be dismissed or abated. In the absence of all authority which binds the court to a different course, we are disposed to adopt this doctrine, and shall promulgate a general rule on the subject." See 6 Wheat. xiii, Rule 31. The same view seems to have been entertained by the Supreme Court of this State when it was first organized. There was nothing in the statute organizing the court with reference to the subject of making parties to writs of error when a party should die. Among the first rules adopted after its organization was the following: "Whenever, pending a cause in this court, either party shall die, the proper representatives of such party may voluntarily come in and be admitted parties to the suit upon motion; and thereupon the cause shall be heard and determined as in other cases; and if, on or before the first term succeeding the decease of a party dying, there shall be no representation of his estate, or, if represented, parties shall not be thus voluntarily made, then and in either of said events the other party may at that term suggest the death on the record, and thereupon, on motion, obtain an order that unless such representation be had, and parties made thus voluntarily, as hereinbefore authorized, on or before the second day of the term then next succeeding, the party moving such order, if defendant, shall be entitled to have the writ of error dismissed, and if the plaintiff, he shall be entitled to open the record and proceed to a hearing: *provided*, that a copy of every such order shall be published in one of the gazettes at the seat of Government, three successive weeks,

at least sixty days before the said last-named term of the court, or served on the adverse party thirty days before the first day of said term." See 1 *Ga.* xv, Rule 17. The rule just quoted is the same, in all material respects, as the rule promulgated by the Supreme Court of the United States, after the ruling made in Green *v.* Watkins, supra; and the rule adopted by the Supreme Court of Georgia continued in force until February 18, 1895, when it was superseded by a rule of which the following is a copy: "The death of a party to a case pending in this court may be suggested, on the call of the case, by counsel for either party, and thereupon the legal representative of the party deceased may voluntarily become a party, in which event the case will proceed; otherwise, it will be continued, and unless such representative be made a party on or before the last day for argument at the next term, the case will be dismissed." See Rule 24 of Rules adopted February 18, 1895.

This rule continued in force until January 5, 1897, when it was in turn superseded by a rule of which the following is a copy: "The death of a party to a case pending in this court may be suggested by counsel for either side at any time in open court, and the court shall thereupon cause to be issued and served upon the legal representative of the deceased party, if there be one, a rule *nisi* requiring him to show cause, upon a day named, why he should not be made a party, and upon the return of such rule the court shall take appropriate action in the premises. The legal representative of the deceased party may voluntarily become a party to the case at any time. If he does so on or before the call of the case at the first term, it will, with his consent, be heard at that term, or, in the absence of such consent, will be continued. Where a representative of the deceased party has not been appointed and made a party in this court on or before the last day for argument at the second term, the case will be dismissed. A temporary administrator will be regarded in this court as a competent party." Civil Code, § 5626, Rule 31. Section 5561 of the Civil Code declares: "Should any party die after the bill of exceptions has been signed and certified, the death being suggested of record in the Supreme Court, parties shall be made by *scire facias*, in the manner heretofore prescribed by the rules of said court." This provision of law first appears in the Code of 1863, § 4177. It is argued that upon the adoption of the Code of 1863 the power of the court to

make parties was limited by this provision to the manner in which the then existing rules of the court prescribed. We do not think this a proper construction of the section. It was certainly not the intention of the codifiers to give to the rule of court then existing on the subject of making parties the force and effect of a statute; and the true construction of the section seems to us to be that parties *may be* made in the manner prescribed by the rules of court at the time the Code of 1863 was adopted. It was not the intention of the legislature in adopting that code to curtail the jurisdiction of this court in such a way that it could neither amend or alter the existing rule as to making parties, nor, by order in a particular case not covered by the rule, provide how parties could be made and service perfected upon them. While this court has made no direct ruling upon the subject, it has asserted its right to modify the rule above referred to on two separate occasions, as has been shown. It is clearly apparent that it was the opinion of the members of the court, as it was constituted at the time these changes were made, that they were not bound by the rule as to making parties passed when the court was first organized. Until 1895, when the rule of 1846 was superseded, when either party to a writ of error died it was incumbent on the opposite party to take steps to have service made in compliance with that rule, and a failure to do this would result in the dismissal of the writ of error. See *Lee* v. *Wheeler*, 4 *Ga.* 542; *Henderson* v. *Greer*, 45 *Ga.* 313; *Henderson* v. *Greer*, 46 *Ga.* 566; *Atlanta Brewing Co.* v. *Hare*, 73 *Ga.* 18. If this rule were now of force, the present writ of error would have to be dismissed under the ruling made in the case last cited, because no legal steps were taken at the last term of this court for publication in the manner prescribed by the rule of 1846. But we do not think this rule is now of force. This court has authority "to establish, amend, and alter its own rules of practice." Civil Code, § 5498 (5). Under this authority it promulgated the rule of 1897 in reference to making parties, and that rule is subject to amendment or alteration at any time. If a case arises which is not within the exact terms of the rule now existing, the court may, without a formal amendment of the rule, pass an order which will accomplish the same purpose in the particular case as was intended to be accomplished by the rule adopted.

Under the views above presented, the court had authority to issue

the order in the nature of a rule nisi which was granted on March 28, 1901. It is said, however, that even if this court had authority to compel the legal representative of a deceased person to come in and be made a party to a pending writ of error, the authority does not extend to a legal representative of a deceased non-resident, appointed in another State, when the legal representative is himself a non-resident. It is not necessary to determine now what would be the power of this court over non-resident executors and administrators generally; but we feel perfectly safe in holding that, where a non-resident executor comes into this State and has the will of his testator admitted to record in the court of ordinary and claims the right to act as the executor of the will and asserts his authority as such to administer property located in this State, the courts of this State, including this court, have the power to compel him to come in and be made a party to a case which was instituted by his testator in his lifetime which was pending at the date of his death, on a proper proceeding by the adverse party to set aside the judgment in his testator's favor. By filing the will for record in the court of ordinary he submits himself to the jurisdiction of that court, so far as the administration of the estate of the testator situated in this State is concerned; and having, by so doing, prevented a citizen of this State from becoming the legal representative of that part of the estate of the testator situated here, he is to be dealt with as the legal representative where a representative appointed by the courts of this State would be required to act. He is not a non-resident executor in the full sense of that term after he has filed the will and submitted to the jurisdiction of the court of ordinary. He is an executor of this State, though he may as an individual be a non-resident thereof. This being true, when it is necessary for the legal representative of the testator to be made a party, such executor can be forced to come in and be made a party in place of the decedent; and the only question to be determined is, what is the most satisfactory and effective method of notifying him of the fact that he is a party to such a proceeding? In cases where the courts of this State have jurisdiction of the subject-matter of litigation in which non-residents are interested, it is provided by statute that such non-residents shall be notified by publication of a specified notice and by mailing a copy of such notice to the address of such non-resident, if it is known. Civil Code,

§§ 4978, 4979. The rule of 1846 recognized the fact that non-residents might be notified by publication, even without any further notice. Notice by mail is recognized by the statutes of this State in certain cases. See Civil Code, §§ 4979, 5548, 5571 (last clause). Having become satisfied that this court has the power to require these executors to come in and be made parties to the pending writ of error, the only question to be determined was how they were to be notified of this determination, in order that they might be given an opportunity to show cause, if any they could, why they should not be made parties. By analogy in other cases where service is made upon non-residents, three methods were open to the court, either to require service to be made by publication or by mail, or a combined service by publication and mail. Where the address of the non-resident was known, service by mail alone was as satisfactory, if not more so, than by publication; and hence this plan was adopted. And in order to make it certain that the executors should have notice, it was further directed that a copy of the order should be served upon the attorneys of record for the defendant in error, who were also attorneys for the executors in the proceedings before the ordinary.

Since the act of 1877 (Civil Code, § 5571), and possibly prior to that date, notice by mail has been the recognized method of giving notice to litigants and counsel of the passage of orders affecting their rights in the cases pending in this court; and hence notice by mail which was required to be given the executors in the present proceeding was in conformity with a long established and heretofore unquestioned practice. Upon the day fixed in the order for the executors to show cause why they should not be made parties, no cause was shown which would make it improper for the legal representatives of Brooks to be made parties in his place. The only cause shown was of the character above referred to, which simply brought in question the right of the court to require them to come in and be made parties and have service made upon them. If these executors had never appeared in the court of ordinary and filed the will of their testator, there would have been administration on his estate in this State, and the administrator could have been made a party to the case. Having defeated the plaintiffs in error in their efforts to have administration upon the estate, by assuming the administration themselves, they will not be heard to assert in this

court that the courts of this State have no jurisdiction over them in reference to the affairs of the estate of their testator, at least so far as the property located in this State and pending suits to which their testator was a party are concerned. Having jurisdiction of these parties, and, from the returns of service of file in the clerk's office, being satisfied that they have had notice of the proceeding to make them parties to this case, and no sufficient cause having been shown why they should not be made parties, an order will be passed making them parties, and a copy of this order will be mailed to them at their respective places of abode.

*Ordered accordingly. All the Justices concurring.*