LILLIE M. KASSERMAN, a widow, by BELLE HEATH, her sister and next friend, v. MURRAY SAMS, State Attorney, Volusia County.

162 So. 141.

Division B.

J. L. ROBINSON, as Executor of the Estate of Lillie M. Kasserman, substituted Appellant by order of May 1, 1933.

Opinion Filed June 8, 1935.

*H. E. Couchman* and *John S. Byington,* for Appellant; *Murray Sams,* for Appellee.

BUFORD, J.—Heretofore an order was entered in this cause substituting J. L. Robinson as Executor of the Estate of Lillie M. Kasserman, deceased, in lieu of Lillie M. Kasserman, a widow, by Belle Heath, her sister and next friend, and thereafter an order was made dismissing the cause from the docket of this Court.

The case now comes before us on motion to recall the mandate to vacate the order substituting party appellant and to proceed to hear the case on its merits.

The mandate has been recalled. The Court having heard argument of counsel on the question of the propriety of the substitution of party above referred to, we hold that that substitution was inadvertently made and it is now vacated and set aside.

The record shows that Lillie M. Kasserman, a widow, resided in Volusia County, Florida; that lunacy proceedings were instituted in County Judge's Court and she was adjudged to be insane and thereupon J. L. Robinson was appointed her guardian. Later Belle Heath, as sister and next friend of Lillie M. Kasserman, filed statutory proceedings in the Circuit Court for Volusia County seeking a judgment and decree restoring Lillie M. Kasserman to judicial sanity under the provisions of Sections 3230 to 3233, inclusive, R. G. S. 5036 to 5039, inclusive, C. G. L.

In due course the Circuit Judge made an order in which it was adjudged and decreed as follows:

"ORDERED, ADJUDGED AND DECREED that the said Lillie M. Kasserman, a widow, be and she is hereby adjudged judicially sane and is capable of managing her own affairs, and it is further hereby

"ORDERED, ADJUDGED AND DECREED that the said Lillie M. Kasserman, a widow, be and she is hereby restored to her personal liberty and the guardian, J. L. Robinson of

Volusia County, Florida, be and he is hereby required to forthwith and within thirty (30) days from the date of the recording of this Order make full settlement with Lillie M. Kasserman, a widow, or certain attorneys, of all her property in his hands, custody, and control."

Thereafter, on July 24, 1934, a petition for revocation of the Order and rehearing was filed and that coming on for rehearing, it was ordered

"1. That the decree heretofore entered in said cause, to-wit, on the 23rd day of July, A. D. 1934, decreeing that the said Lillie M. Kasserman is of sound mind judicially and capable of managing her own affairs, be, and the same is hereby stayed until the matter is reheard;

"2. And that the Prayer of said Petition asking for a rehearing in said cause be, and the same is hereby granted; and that the said cause be and is hereby set for rehearing in Chambers in the Court House at DeLand, Florida, on the 30th day of July, 1934, at the hour of 10 o'clock A. M."

From this Order appeal was taken.

It is now made to appear to the Court that pending the appeal Lillie M. Kasserman died. The mental status of Lillie M. Kasserman is the subject matter of the suit and while she is not a necessary party to the suit, her death abates the proceedings because there is no longer any subject matter before the Court to be disposed of. Therefore, all pending questions at the date of the death of Lillie M. Kasserman become moot both in this Court and in the court below.

For the reasons stated, the appeal will now be dismissed without prejudice to the rights of any party at interest to institute, maintain or defend any suits at law or in chancery concerning the property or estate of Lillie M. Kasserman, deceased.

50

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.