ELLIOTT *v.* CLINE, executrix, *el al.*

No. 11689.   MAY 14, 1937.

*McCullar & McCullar,* for plaintiff.
*Frank W. Bell,* for defendants.

RUSSELL, Chief Justice.   E. R. Elliott brought a proceeding in equity against Hugh Cline and Jack Borders, in which he alleged that he and Cline had entered into an agreement whereby the plaintiff was to operate and manage a certain dairy owned by Cline, who was to furnish the cows, feed, equipment, and place, and Elliott to furnish his services, he being experienced in running a dairy; that he and this defendant would divide the net profits; that such arrangement should continue so long as it proved to be profitable to the parties, that is, produced at a minimum sufficient to allow the plaintiff to receive $60 a month therefrom; that the plaintiff and his family lived in the residence building on the dairy premises; that Cline without any just cause determined to breach said contract, sought to abrogate it, and repudiated his obligations thereunder, and was seeking to force the plaintiff to leave the dairy premises, to vacate the house thereon, and to lose his efforts and services in building up the business; that said business had been built up through the plaintiff's efforts until it was now a paying business; that in order to accomplish his purpose Cline hired and procured Borders to demand possession of the dairy and house of plaintiff, stating that Cline had placed him in charge thereof; that these defendants, Borders acting under the instructions of Cline, were interfering with the dairy business, with plaintiff's hired hands, and with his milk customers, and were seeking to destroy said business, and to eject the plaintiff from the house and dairy premises; and that the plaintiff had been damaged (not naming any amount or any figures from which an amount could be determined), and would be irreparably damaged if defendants continued their wrongful acts and if Cline succeeded in forcing the plaintiff to abandon the

dairy business and in ejecting him from the premises. He prayed that the defendants be enjoined from doing the acts complained of; that Cline be required to perform and carry out his agreement with plaintiff; that plaintiff have an accounting from Cline; that plaintiff recover damages of Cline; and that the defendants be required to pay to plaintiff $200 attorney's fee, or a reasonable amount, for having to institute this suit. The defendants filed demurrers to the petition. The judge sustained them, and dismissed the action. The plaintiff excepted. Upon the call of the case for argument, counsel for defendants suggested the death of Hugh Cline; and by consent the case was continued for the purpose of making proper parties defendant in error. Upon the call of the case at the next term, no parties having been made, a rule nisi was issued by this court, requiring the executrix of Hugh Cline to show cause why she should not be made a party defendant in error in the place of her testate. In response to this rule she set up that she had not consented to become a party defendant in error; that the case abated, and did not survive the death of her testator; and that the case was not such an action as imposed an obligation upon the estate of Cline, or from which the estate received any benefit.

■ Upon the death of a defendant in error, after the bill of exceptions has been signed and certified, such death being suggested of record in this court, the personal representative of the deceased party may be made a party by scire facias in the manner prescribed by the Code, § 24-4543, which provides for the issuance of a rule nisi requiring such representative to show cause, upon a day named, why he should not be made a party, and that upon the return of the rule the court shall take appropriate action in the premises. § 6-1201. See *McCowan* v. *Brooks*, 113 *Ga.* 384, 386 (39 S. E. 112). The nature of the relief sought in the present proceeding not being such as abated entirely upon the death of the defendant Cline, and rule 37 of this court having been complied with, it is ordered that the respondent to the rule nisi issued in this case, Mary G. Cline, qualified executrix of the will of Hugh Cline, deceased, be made a party defendant in error hereto, and that the cause proceed.

■ The plaintiff's alleged right or cause of action, in so far as he sought to obtain an injunction against the defendant Cline,

abated upon Cline's death. 1 C. J. S. 183. In *Gewinner* v. *Mc-Crary,* 99 *Ga.* 299 (25 S. E. 648), this court held, in affirming the judgment of the court granting a temporary injunction, that there would be no occasion to reverse such judgment, since the death of the party enjoined, occurring after the writ of error was sued out, had taken the question of injunction out of the case. "A cause of action for an injunction survives the death of either party where it relates to property; but where the acts to be enjoined are of a purely personal character, the right of action abates on the death of the defendant." However, where a suit is for damages as well as for an injunction, the right to damages ex contractu may survive the death of the defendant.

. ■ Furthermore, while ordinarily the right of the plaintiff to have a proper contract specifically performed by the defendant would not abate upon the death of such defendant, under the allegations of the petition in this case it appears that performance of the agreement alleged was personal as to the defendant Cline; and therefore the right to have Cline specifically perform such an agreement abated upon his demise. See 1 C. J. S. 182, 225.

■ Under the allegations of the petition, "Petitioner shows specifically that the arrangement was to last permanently or indefinitely so long as the business made enough profit to justify the same," the alleged contract was so indefinite and uncertain as to its duration as to be incapable of enforcement by specific performance. *Hill* v. *Hill,* 149 *Ga.* 50 (99 S. E. 31); 58 C. J. 938. As to whether the contract was one in which it was proper to render a decree of specific performance, the same relating to personal property, and the application of personal labor to it, and running indefinitely for such time as the business was profitable, see *Willingham* v. *Hooven &c. Co.,* 74 *Ga.* 233 (58 Am. R. 435); *Greer* v. *Pope,* 140 *Ga.* 743 (79 S. E. 846); *Grant-Jeter Co.* v. *American Real Estate Co.,* 159 *Ga.* 80 (125 S. E. 73). Such cases differ widely from those in which a decree is granted to compel specific performance of a contract to convey property, which can be carried out by one decree, and requires no extended supervision by the court. *Greer* v. *Pope,* supra. A court of equity will not decree specific performance of a contract which requires the discharge of continuous duties over a long period of

time, in order to compel obedience to its decrees. *Rosenkrantz* v. *Chattahoochee Brick Co.,* 147 *Ga.* 730 (95 S. E. 225), and cit.

■ The allegations of the petition, "that he is due an accounting for profits made to date, anticipated profits in the future, and that if he leaves the premises he will be helpless and that defendant refuses to give him an accounting," are insufficient to entitle the plaintiff to any relief in equity against the executrix of the deceased Cline.

■ The prayer of the plaintiff to be "awarded such judgment or judgments for damages as he may be entitled to receive," taken in connection with the allegations of the petition which do not set out any sum or sums which plaintiff has been damaged, or any facts from which such damages could be calculated or ascertained, is not sufficient to authorize a recovery thereof against the executrix of the deceased defendant.

■ In this case the principal defendant was Cline. It is alleged that Borders, the other defendant, acted pursuant to instructions from Cline and in carrying out Cline's alleged illegal design. No relief or any damages are sought against Borders, except that he be enjoined from carrying out the directions of Cline relatively to interfering with the dairy business operated by the plaintiff. It was not necessary that Borders, who was the agent, employee, or servant of Cline, should have been named a party defendant. It is sufficient if the action is brought solely against the person doing or causing the wrongful acts to be done, and not against his agents or servants carrying out his commands. See 32 C. J. 301, and cit. In a case where the deceased defendant was the necessary defendant, that is, necessary to the determination of the controversy, the whole action abates upon his death. See 1 C. J. S. 171, 173, § 122; *Dennis* v. *Green,* 8 *Ga.* 197; *Smith* v. *Mitchell,* 6 *Ga.* 458; *Ellesworth* v. *McCoy,* 95 *Ga.* 44 (22 S. E. 39); *Chatfield* v. *Clark,* 123 *Ga.* 867 (51 S. E. 743); 5 Enc. Pl. & Pr. 840.

■ Applying the above principles, the petition, in so far as it presented matters not abated against the personal representative of the principal defendant, was subject to demurrer, and was properly dismissed; and in so far as it sought relief against the remaining defendant, he was not a necessary party, and the entire action abated. *Judgment affirmed. All the Justices concur.*