21711. WEEKES, Guardian v. FULLER, Administrator.

Submitted September 11, 1962—Decided November 14, 1962—Rehearing denied December 3, 1962 and December 14, 1962.

*Weekes & Candler,* for plaintiff in error.

*Ben F. Sweet,* contra.

QUILLIAN, Justice. █ The motion to dismiss the writ of error in the Court of Appeals was properly overruled by that court for three reasons. The first is that the judgment of the Ordinary of Fulton. County appointing Frank Fuller the administrator of Mrs. Abner's estate, not alleged to be void, could not be collaterally attacked by the motion to dismiss the writ of error. *Code* §§ 110-708, 110-701; *Tucker v. Harris,* 13 Ga. 1 (10) (58 AD 488); *Wash v. Dickson,* 147 Ga. 540 (1) (94 SE 1009); *Marshall v. Marthin,* 192 Ga. 613 (1) (15 SE2d 861); *Mitchell v. Arnall,* 203 Ga. 384 (4) (47 SE2d 258). Secondly, according to the record, the Judge of DeKalb Superior Court, before either the motion for new trial or the motion for judgment notwithstanding the verdict was disposed of, entered a judgment on August 25, 1959, making Frank Fuller, the administrator of Mrs. Abner, a party to the case in her stead and no objection was made or exception taken to that judgment.

Finally, under the provisions of the act of 1947 (Ga. L. 1947, pp. 1174, 1176; *Code Ann.* § 49-610.6), the effect of a judgment by which an incompetent is found to be restored to sanity is to terminate the relationship of guardian and ward between the person restored to sanity and his guardian, although the guard-

ian may thereafter be required to account for the assets of the ward received by him. In such a situation, if the ward, subsequently to being restored to sanity, dies, the former guardian is not entitled to administer the ward's estate. *Morgan v. Woods,* 69 Ga. 599 (2). See *Strickland v. Peacock,* 209 Ga. 773 (77 SE2d 14).

■ In the case of *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196), and similar cases, it is held that a check bearing the notation "account paid in full," or words of the same import, when accepted and cashed by the payee constitutes a receipt in full of the demand for which it is given. The holding of the Court of Appeals in the present case that this rule is not applicable in a settlement beween guardian and.ward is error. It was necessary to grant the certiorari in order that the conclusion be corrected, and to prevent confusion as to the application of the rule in the future. The receipt in the form of a check upon which appears the fact that it represents the acknowledgment of a full accounting for the ward's funds has the same legal effect as a receipt in any other form. However, the general rule applied in *Rivers v. Cole Corp.,* supra, is not conclusive in the present case since this general rule is limited by the express provisions pertaining to the fiduciary relationship of guardian and ward under *Code* § 49-312.

■ The guardian testified on direct examination as follows: "Mr. Munday came to my office in June, 1952, to discuss the estate. I sent Mr. Munday a copy of my June, 1952, annual return which reflected this expenditure of $2,000 to Walter Baker as Administrator of Miss York's estate for the payment of those expenses. I wrote Mr. Munday and told him of the suit that had been filed against me and that judgment had been obtained and I paid the judgment. The judgment had still not been vacated or declared void because of the failure to serve Mrs. Abner at the State Hopsital. As her attorney, as Mr. Mundy [sic] was Mrs. Abner's attorney, I gave a full disclosure to him of all the facts and circumstances of the case, all up until July 24. July 24 Mrs. Abner was legally restored to sanity by order of the Polk County Court. . . On July 30, 1952, I paid to Mrs. Abner; she came to my office; she knew the full circum-

stances of all facts relative to the case and there I gave to her a check for $532 and some odd dollars."

The majority of the court is of the opinion that the evidence quoted made an issue of fact for the determination by the jury as to whether the requirements of *Code* § 49-312 were met and the settlement between the guardian and ward was "after full exhibit of all the guardian's accounts and with full knowledge by the ward of his legal rights." Hence, the Court of Appeals erred in holding that the trial judge erroneously overruled the motion made by the ward's administrator for judgment notwithstanding the verdict.

The court cites the rule well expressed in *Adams v. Reviere,* 59 Ga. 793, and quoted in *Jordan v. Harber,* 172 Ga. 139, 159 (157 SE 652): "On a plea by the guardian that she had settled with her ward, the question is not whether the jury believed that the ward had received in the settlement as much as she was entitled to receive from her guardian; but the issue is, was she fully cognizant of the condition of the estate and of its management by her guardian, and did she settle with full knowledge thereof, and without mistake on her part, or imposition or fraud on the part of the guardian. If she did so settle, and at the date of the settlement was of full age, and acted with her eyes open to the facts of the case, she will be concluded by the settlement, though she seeks to open it in less than four years from its date; but if she was ignorant of the facts, or mistaken, or defrauded, she will not be concluded."

*Judgment reversed. All the Justices concur, except Head, P.J., and Quillian, J., who dissent.*

QUILLIAN, Justice, dissenting. From the third division of the majority opinion I am compelled to dissent. If the check marked "in full, balance, all funds due" was issued by the guardian and accepted by the ward without the express requirements of *Code* § 49-312 having been met, the settlement was not binding upon the ward. Those requirements are full disclosure by the guardian of his accounts and full knowledge by the ward of his legal rights; otherwise, the settlement may be reopened within four years.

The evidence adduced upon the trial concerning this issue was

the testimony of the guardian and ward, together with the final returns filed by the guardian with the ordinary. The ward testified when she accepted the check in the form of a receipt she did not know the judgment for $2,000 paid by the guardian to the administrator of Loyce York with the ward's funds was not a valid demand but, on the contrary, void and unenforceable. The guardian did not pretend that he apprized the ward of all the facts concerning the distribution of her funds, but on direct examination he testified broadly that she was familiar with the facts concerning the use to which he had put the money. On cross-examination, the guardian admitted he did not inform her that the judgment was void. He further testified that he discussed the status of the ward's estate and the disbursements made by him as her guardian with her attorney. He stated in the course of his testimony that, regardless of whether she knew her legal rights, knowledge of her rights in reference to the disbursement of her funds was imputable to her because of the information he gave her attorney concerning those matters. However, he frankly conceded that he did not, when in conference with the ward's attorney, apprize him of the fact that the judgment was void, but on the contrary he furnished the lawyer with a copy of his returns to the ordinary showing the judgment had been paid. There was nothing on the face of the returns, which were introduced into evidence, that indicated the judgment was not valid.

We recognize the familiar rule referred to in the petition for certiorari "that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." *Mathis v. Blanks*, 212 Ga. 226 (1) (91 SE2d 509). However, the rule is not applicable where the attorney does not know the material facts relating to his client's business although he made reasonable inquiry concerning the same. This is particularly true where he is prevented from learning such material facts by representations made by the party who, as in this case, seeks to invoke the application of the rule as to the client's vicarious knowledge of facts known to the attorney. *American Freehold*

*&c. Co. v. Walker*, 119 Ga. 341 (46 SE 426). Both the ward and her attorney were warranted in assuming that the returns exhibited to them by the guardian showed a genuine account of credits to which the guardian was entitled, and that the judgment shown by the returns in the satisfaction of which he had applied $2,000 of the ward's funds was valid, and a legal demand against the ward's estate. The record shows the ward's entire estate consisted of $2,800 in the hands of the guardian. In the circumstances related, which conclusively appears from the uncontradicted evidence submitted upon the trial of the case, it is apparent the ward when she settled with the guardian and gave him the receipt previously discussed did not have full knowledge of her legal rights.

Where the ward's attorney was not advised of the fact that the judgment was not binding and enforceable, and on the contrary was simply informed by the guardian and shown by his returns to the ordinary that the judgment entered in DeKalb Superior Court against him had been paid from the ward's funds, the attorney was given no information concerning the invalidity of the judgment that he could impart to his client and the client had no actual or imputed knowledge or notice that the judgment was not an enforceable demand against her estate.

The guardian, however, insists that it was the duty of the attorney employed by the ward to inquire into the status of her estate to have inspected the record, ascertained the judgment paid from her funds was void and to have imparted that information to the ward before she accepted the check from him marked "in full, balance, all funds due." He further insists that there is a presumption that the attorney did his duty and informed the ward of the invalidity of the judgment paid from her funds. If, in the circumstances stated, any such presumption arose, it was conclusively rebutted by the ward's proof. The ward, an unimpeached witness, positively testified that she did not, prior to accepting the check, know the judgment in question was void. In this situation the familiar rule of evidence is applicable: "Bare presumptions of law give way to testimony, which may shift the burden of proof or of proceeding to the op-

posite party, and he is then not entitled to prevail upon the presumption alone." *Ginn v. Johnson,* 74 Ga. App. 35, 38 (38 SE2d 753). See *Jones v. Weichselbaum,* 115 Ga. 369 (41 SE 615); *Seaboard Air-Line R. v. Walthour,* 117 Ga. 427 (43 SE 720); *Western & A. R. v. Henderson,* 167 Ga. 22 (144 SE 905); *Georgia R. & Power Co. v. Shaw,* 40 Ga. App. 341, 350 (149 SE 657).

The guardian also suggests in his brief that the record was constructive notice to the ward's attorney, even if he did not examine it, that the judgment was in fact void. But, in this case we are not dealing with mere constructive notice, but the question of whether the ward when settling with the guardian had knowledge that the judgment was void and knew that it was not a legal demand against her estate for the payment of which the guardian was not entitled to credit. *Code* § 49-312 is explicit in the requirement that the ward have full knowledge of her legal rights, and that a settlement to be binding upon the ward must have been made after the guardian made a full exhibit of his accounts to her. The returns exhibited to her attorney showing the payment of a judgment from her funds but not disclosing that the judgment was void were not such full exhibit of the guardian's accounts as is contemplated by the statute.

No principle of law is more firmly established than that constructive notice to an agent or attorney does not serve as a valid imputation of knowledge to his principal or client. *Orient Ins. Co. v. Williamson,* 98 Ga. 464, 467 (25 SE 560); *Liverpool &c. Ins. Co. v. Hughes,* 145 Ga. 716 (89 SE 817); *Lee v. Metropolitan Life Ins. Co.,* 158 Ga. 517, 523 (123 SE 737). See *Faircloth v. Taylor,* 147 Ga. 787, 788 (4) (95 SE 689); *Van Treeck v. Travelers Ins. Co.,* 157 Ga. 204, 207 (121 SE 215). Moreover, as is pointed out in *Jordan v. Harber,* 172 Ga. 139, 161, supra, a case relied upon by the majority: "The presence and assistance of an independent legal adviser, representing the ward, at the time of the settlement between guardian and ward, may, if the facts warrant, remove the imputation of undue influence by the guardian over the ward, but such independent counsel and advice will not relieve the guardian of the neces-

sity of making a full disclosure; and where a guardian settles with his ward and the ward is represented by counsel of his own selection, but the guardian fails to disclose facts not shown by his reports to the probate court, and of which the ward or his counsel have no knowledge, such release and settlement will be set aside, where it does not appear that the ward received substantially all that he was entitled to."

The evidence demanded the grant of a judgment notwithstanding the verdict.

I am authorized to state that Presiding Justice Head joins me in this dissent.

HEAD, Presiding Judge, dissenting. I concur in the dissent of Mr. Justice Quillian.

Under the record there is no dispute as to the controlling facts, or facts which I believe to be controlling. On July 30, 1952 (one week after the ward's sanity was restored), the guardian gave his ward, Mrs. Abner, the guardian's check for $532.12, marked, "In full, balance, all funds due." On the same date, July 30, 1952, the guardian filed his "Final Return" which shows the disbursement of $532.12 to Mrs. Abner.

There is no contention made that at the time of the payment to the ward by the guardian the guardianship had terminated, and such contention, if made, would not be meritorious since there had not been, and could not have been, any compliance with the rules of law applicable to the dismission of guardians (see *Code* § 49-618; § 49-314, as amended by Ga. L. 1952, p. 172), since the final return of the guardian was filed on the same date the check was given by the guardian to the ward.

In *Griffin v. Collins*, 122 Ga. 102, 108 (49 SE 827), it was held: "One for whom a guardian has been appointed on the ground of lunacy is legally incapable of contracting, even though restored to sanity, until the guardianship has been dissolved. Civil Code, § 3652 [now § 20-206]. If this is true as to contracts generally, a fortiori is it true as to contracts between the ward and his guardian; for the latter, by reason of his peculiar relationship to the ward, is in a position to more easily overreach and take advantage of him; and until this relationship has been destroyed and the parties placed at arm's. length, it would not be

conscionable to uphold a contract made between them. In the present case, the receipt given by Harriet A. Lane to Griffin was dated November 5, 1888, while the final discharge of the guardian was not granted until January 7, 1889. It was contended by counsel for the plaintiff in the court below that the receipt and settlement were void for lack of capacity in Harriet A. Lane to make them, and for fraud on the part of Griffin in concealing from her the real state of his accounts. *Regardless of this, however, we are of the opinion that even were she in all respects mentally sound, she could not, under the Code section quoted, have given a valid receipt to her guardian so long as he continued to be her guardian, and that for this reason the paper relied on was not of itself a bar to the action."* (Italics supplied.)

In *Fields v. Union Central Life Ins. Co.,* 170 Ga. 239 (4) (152 SE 237), this court said in part: "Under the law of this State, after the fact of insanity has been established by a court of competent jurisdiction in this State and the affairs of such person are vested in a guardian, the power of such person to contract is entirely gone, and such contracts are absolutely void."

*Code* § 20-206 provides in part: "After the fact that such person is insane, a lunatic, or non compos mentis has been established by a court of competent jurisdiction in this State and the affairs of such person are vested in a guardian, the power of such person to contract even though restored to sanity is entirely gone and such contracts are absolutely void, until the guardianship is dissolved."

The evidence relied upon by the majority to make a question for jury determination involves no more than the question of good faith on the part of the guardian in making the payment to the ward under the facts of this case. As I view the present case, the good faith of the guardian is not in issue, and can properly be conceded under the record. It is sufficient to suggest that no quantum of good faith can be substituted for the command of our statutory law (*Code* § 20-206) and the quoted rulings of this court, in each instance by a full bench.

The act of 1947 (Ga. L. 1947, p. 1174; *Code Ann. Supp. Ch.*

49-6), entitled, "Insane Persons—Restoration to Sanity," does not even purport to repeal or modify the requirements of *Code* § 20-206, and it is not applicable to the sole issue in the present case.

For the further reason herein set forth I dissent from the ruling in Division 3 of the opinion and the judgment of reversal.