27469.   TINGLE et al. v. HARVILL.

ARGUED OCTOBER 10, 1972—DECIDED JANUARY 22, 1973.

*William G. McRae, Paul A. Martin,* for appellants.
*Lokey & Bowden, Hamilton Lokey, Arnold & Cate, William H. Cate,* for appellee.

PER CURIAM. Mrs. Gladys G. Harvill, as guardian of the person and property of Mary Alice Tingle, filed a complaint on February 24, 1972, against Ben F. Tingle, III, and others, seeking an injunction to restrain the defendants from interfering with her in the discharge of her duties as guardian of the person and property of Mary Alice Tingle, and from encumbering or conveying any of the assets of her ward's estate, or causing them to be encumbered or conveyed; and the cancellation of a deed executed by the ward to Ben F. Tingle, III, on April 26, 1971, and an agreement between the ward and Ben F. Tingle, III, dated March 30, 1971.

Defensive pleadings were filed. Ben F. Tingle, III, filed a motion to dismiss the complaint, in which several of the grounds related to the proceeding brought by Mary Alice Tingle in the Court of Ordinary of Fulton County for a termination of the guardianship and finding that she was restored to competency.

After a hearing on the issue of interlocutory injunction, the trial judge found that the guardianship was terminated in the court of ordinary on March 9, 1971, but no letters of dismission had been granted; that the guardian appealed from this order and the Court of Appeals held that the guardian had standing to appeal an order terminating her ward's competency (*Tingle v. Harvill,* 125 Ga. App. 312 (187 SE2d 536)); and that the appeal suspended the judgment terminating the guardianship. The defendants were restrained and enjoined from interfering with the plaintiff in the discharge of her duties as guardian of the person and property of Mary Alice Tingle, and from encumbering or conveying any of her assets, until the further order of the court.

The defendants appealed from the grant of this interlocutory injunction.

When the case was argued orally in this court counsel for both parties informed the court that Mary Alice Tingle died a few days before the argument and prior to the trial of the appeal from the order declaring her competent and terminating the guardianship.

The main argument of the appellants (defendants) is that the appellee had no right to bring an action on behalf of Mary Alice Tingle because the guardianship had terminated prior to the filing of the complaint. It is strenuously argued that the ruling of the Court of Appeals in *Tingle v. Harvill,* 125 Ga. App. 312, supra, that the guardian had a right to appeal from the finding that the ward was competent, was erroneous.

The appellants are relying on the order terminating the guardianship, but seeking to have this court rule that the decision of the Court of Appeals in that case is erroneous. The decision of the Court of Appeals, ruling that the guardian could appeal, has become the law of the case as to privies of Mary Alice Tingle, and that decision is binding on Ben F. Tingle, III, her grantee, who is the only party against whom cancellation is sought.

Under the evidence at the hearing the trial judge did not err in granting interlocutory injunction until the appeal from the finding of competency of Mary Alice Tingle could be tried, and it could be determined whether the appellee was entitled to represent her as guardian in the action.

No ruling has been made in the trial court as to the effect of the death of the ward on the pendency of the appeal from the finding of her competency, and no ruling is made in this case on that issue.

*Judgment affirmed. All the Justices concur, except Mobley, C. J., and Undercofler, J., who dissent.*

MOBLEY, Chief Justice, dissenting. While I agree with the conclusion of the majority of the court as to the

correctness of the trial court's judgment granting interlocutory injunction, it is my view that the death of the ward made it impossible for any relief to be granted in the trial court, and rendered all questions moot in this court. See *Elliott v. Cline,* 184 Ga. 393 (191 SE 372).

Prior to the filing of the appellee's complaint as guardian of Mary Alice Tingle, the guardianship had been terminated by order finding the ward competent, after hearing by a commission. The guardian appealed from that order.

The purpose of the appointment of a guardian is to safeguard the person and property of an incompetent. While the trial of an appeal from that order is a de novo proceeding, it is my view that the alleged incompetent has the same right to be present and participate in the appeal trial as she does in the original proceeding, where she is personally examined by a commission. Her death would thus make it impossible for any trial to be had on the appeal.

In 44 CJS 153, Insane Persons, § 55 (d), it is said: "The death of the ward is a bar to a proceeding to supersede the commission on the ground of his recovery prior to his death, and if such proceeding has been commenced before his death, it abates on that event."

In Kasserman v. Sams, 120 Fla. 47 (162 S 141), the Supreme Court of Florida considered an appeal from an order granting a rehearing on an order finding that Mrs. Lillie M. Kasserman had been restored to sanity, during the pendency of which appeal Mrs. Kasserman died. The court held: "The mental status of Lillie M. Kasserman is the subject matter of the suit and while she is not a necessary party to the suit, her death abates the proceedings because there is no longer any subject matter before the Court to be disposed of. Therefore all pending questions at the date of the death of Lillie M. Kasserman become moot both in this court and in the court below."

If the appeal from the finding of competency cannot be

tried, then the finding of competency must stand. An appeal suspends a judgment, but does not vacate it. Code § 6-502. A guardian has no right to represent the estate of an intestate ward (Code § 49-316, as amended by Ga. L. 1958, p. 377) where the guardianship was terminated prior to the ward's death. *Morgan v. Wood,* 69 Ga. 599, 602; *Weekes v. Fuller,* 218 Ga. 515, 517 (128 SE2d 715).

The right of the guardian to maintain the injunctive action depends on a judgment in her favor on the appeal from the finding that her ward was competent. It is my opinion that the death of the ward abated the appeal, and made it impossible for the guardian to prosecute the injunctive action.

A dismissal of the injunctive action would not prejudice the right of any person at interest to institute an action concerning the estate of Mary Alice Tingle. A judgment of the court of ordinary finding that a person has been restored to competency is not conclusive evidence that the person had mental capacity to execute a deed or other instrument. *Slaughter v. Heath,* 127 Ga. 747 (5) (57 SE 69, 27 LRA (NS)).

I would dismiss the appeal in this court as moot, and I dissent from the judgment of affirmance.

I am authorized to state that Mr. Justice Undercofler concurs in this dissent.