### HARRIS *vs.* TISON.

An action for breach of promise to marry is personal, and dying with the person it does not survive after death of plaintiff; marriage of the parties as effectually kills the action as death; therefore, after marriage of plaintiff and defendant, counsel for plaintiff cannot prosecute the action for fees. Public policy and the whole spirit of our legislation in encouragement of marriage, as well as strict law, forbid the further prosecution of the suit for such purpose.

Contracts. Husband and wife. Attorney and client. Before Judge MERSHON. Glynn Superior Court. May Term, 1879.

Reported in the opinion.

GOODYEAR & HARRIS ; MABRY & CROVATT ; W. J. WILLIAMS, for plaintiff in error.

SYMMES & ATKINSON ; S. W. HITCH ; IRA E. SMITH, for defendant.

JACKSON, Justice.

This suit is for breach of promise of marriage brought by an infant in her own name. It was demurred to on the ground that the action must be by guardian or next friend,

and the court so ruling, the declaration was amended by setting out that since the beginning of the suit the parties had intermarried, and the counsel proposed to carry on the case to trial so as to recover fees under our statute giving them a lien for fees. On demurrer to the declaration so amended, and in the face of the statement of counsel in their places that fees were due to them by plaintiff, and that they demanded the right to prosecute for those fees, the court sustained the demurrer and dismissed the suit, and the counsel excepted.

There is no doubt that under our statute in ordinary cases, such as suits for money or for property, counsel would have the right to prosecute for fees. Code, §1989; *Twiggs vs. Chambers*, 56 *Ga.*, 279; *Coleman & Newsome vs. Ryan*, 58 *Ib.*, 132; but this action is for a personal wrong, and, though on breach of contract, it is a personal action, and would not survive to the personal representative. 1st Chitty's Pleading, pp. 20–68; 2 Maul. & Sel., 408; 13 Ser. & Raw., 183.

If this woman had died, the action for breach of promise would have died too; and when she married the defendant, she lost the right to prosecute the case just as effectually as if she were dead. The breach was healed and the debt paid, or released. Code, §2863.

If it be said that the counsel might go on still, because they had a vested right and lien on the suit for their fees, the reply is, that the only right they had was dependent on the contingency of her death or marriage; that this entered into the contract and lien, and made part of it; that they were bound to know the law, especially as they are lawyers, and that therefore their contract is not violated.

Besides, the whole spirit and policy of our law favors marriage, voluntary marriage, and all contracts militating against it, and even wills, are null and void. To enforce this claim of counsel would destroy the confidence between man and wife, mar the peace of families, and tend to crumble to atoms the corner-stone on which the whole

fabric of Christian civilization reposes.    Code, §§1697, 2272, 3182, 4371.

Inasmuch, therefore, as plaintiff's counsel could not amend under section 3263 of our Code by inserting some guardian or next friend as plaintiff, and when they did amend by setting out the marriage of plaintiff with defendant, inasmuch as they thereby showed that her cause of action for breach of contract to marry was gone as completely as if she were dead, it not surviving, therefore the demurrer was properly sustained and the case legally dismissed.

Judgment affirmed.