## COFFEE *v.* COFFEE.

Where in the progress of a suit for a divorce, upon the application of the wife for an allowance of alimony temporary and permanent, a decree by consent of parties is rendered wherein a sum certain is awarded to the wife to be paid at stated intervals, and to be by her applied to the support of the minor children, who are by the same decree committed to her care, after the termination of the divorce suit and the rendition of a final decree therein, which was not excepted to, the decree allowing alimony passes beyond the discretionary control of the circuit judge, and he has then no authority either to abrogate it, or to modify its terms, unless the power to do so is reserved in the decree. The power to revise and review allowances of alimony, which is vested in the judges of the superior courts by section 2459 of the Civil Code, applies exclusively to the revision and review of allowances of temporary alimony.

Submitted June 24, — Decided July 14, 1897.

Motion to modify decree. Before Judge Kimsey. Hall superior court. July term, 1896.

*S. C. Dunlap* and *G. H. Prior,* for plaintiff in error.
*F. M. Johnson* and *J. B. Estes,* contra.

ATKINSON, J. On the 22d day of January, 1891, by consent of both the parties at interest, a decree was rendered in an alimony proceeding, that the custody of the minor children of the parties litigant should be committed to the wife until they arrived at their majority; and among other provisions for the support of the wife and children was one to the effect, that the husband shall pay to the wife the sum of five dollars per month on the last day of each month, to be appropriated by her toward the support of the children; that the wife shall have the control, and assume the support and education of the minor children, and not again appeal to the courts on her own account or that of the children for support or alimony from the husband, provided she does not waive any rights the children may have as heirs or legatees of their father, but waives and renounces all right for herself as such heir or as widow; and that the husband have the right to visit his children, and the wife do nothing to interfere with their kind and friendly relations, provided in such visits he act in a courteous manner toward her; this decree to be enforced in her favor against him by execution or attachment or both. This provision was in full settlement of both temporary and permanent alimony, and subsequently to the making of this decree a total divorce was granted between the parties. Subsequently to the grant of this total divorce, the husband filed an application to be relieved from the payment of the monthly allowance provided for in the decree to which reference is above made. A demurrer was filed to this application, among others, upon the ground that the court had no jurisdiction to revoke or modify any part of the decree, because it was in full settlement of permanent alimony. In granting the decree above referred to, the court did not reserve the right to modify or change its terms, but it was intended to be final as to the rights of both parties touching the matter then in controversy. The court overruled the demurrer filed by the respondent, and, after hearing evidence, revoked that part of the decree which provided for a sum to be paid monthly for the support of the children. Exception was taken to this judgment of the court overruling the demurrer of the respondent to the application.

We think the court erred in overruling the demurrer. The allowance for the support of these children rested upon a contract which, receiving the sanction of the court by judicial decree, imposed upon the husband the responsibility with which he was already charged by law, namely the support of the children. He voluntarily surrendered his parental control to the wife, and voluntarily agreed to make this provision for the support of the children. By contract she personally discharged his estate from all liability to her upon account of any claim of dower or year's support, and this voluntary surrender of these rights was subsequently confirmed by the grant of the divorce which as effectually cut her off from all right to demand any portion of her husband's estate upon account of dower or year's support as though she had never been married to him. She became, by virtue of this decree, in her capacity as trustee for her minor children, a judgment creditor, and the the court could no more vacate that judgment so rendered in her favor than it could vacate a judgment rendered against the husband in favor of a creditor of his upon any other account. Whatever right of revision of this decree may have existed was extinguished by the grant of the total divorce. The decree granting this divorce definitely settled the right of the wife with respect to any claim she may have had upon the husband's estate growing out of the married relation, and left her as a judgment creditor only. In the case of Sampson v. Sampson, which was decided by the Supreme Court of Rhode Island, and which is reported in the 16 Atlantic Reporter, page 711, it was held that a decree for alimony of the character which we are now considering, which contains no reservation of the power of modification, is final, and, after the expiration of the term at which it was rendered, the court has no power to reduce the same. This decision we find in accord with the current of authority upon the subject. The provisions of our Civil Code, § 2459, which authorizes the court at any time to revise decrees for alimony, relate to temporary alimony only. Any provision made for the support of the wife by way of temporary alimony is, under that section of the code, subject to revision at any time by the court; but where, upon the final

trial, a jury, under section 2462 of the Civil Code, awards permanent alimony, this becomes a fixed charge against the husband's estate, and, if not excepted to, is not subject to a future revision as in the case of an allowance of temporary alimony.

In the present case, the parties dispensed with a jury trial upon the question of an allowance of permanent alimony, and by consent invoked a decree of the court fixing the allowance upon the terms stated in the decree. This consent having been approved by the court in which the cause was pending after the grant of the divorce, the court loses control over the subject, and the decree stands as other judgments against the husband. We are thus led to the conclusion that the court erred in not sustaining the demurrer, and in refusing to dismiss the application for the revision of the decree.

*Judgment reversed. All the Justices concurring.*