## WILKINS *v.* WILKINS.

ATKINSON, J. 1. After the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority either to abrogate it or to modify its terms, unless the power to do so is reserved in the decree. The power to revise and review allowances of alimony, which is vested in the judges of the superior courts by the Civil Code, § 2978, applies exclusively to the revision and review of allowances of temporary alimony. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977).

2. Failure to pay permanent alimony as provided in a final decree granting such alimony may be punished as for a contempt of court. *Briesnick* v. *Briesnick,* 100 *Ga.* 57 (28 S. E. 154) ; *Van Dyke* v. *Van Dyke,* 125 *Ga.* 491 (54 S. E. 537).

3. In this case the respondent did not make any attack on the validity of the decree, but, without denying any of the allegations of the petition, sought to purge the contempt by showing: (1) that his attorney who had filed his plea failed to notify him when the case was assigned for trial, and that without notice to him the case was tried in his absence, and he did not learn of the decree until after the court had adjourned; (2) that if he had known of the trial he could have proved the adultery of his wife, and that the wife had been guilty of adultery

after the decree; (3) that he is pecuniarily unable to pay the amount of alimony specified in the decree. Certain affidavits were attached to the respondent's answer in regard to his earnings, and also in regard to the adultery of the woman after the decree. *Held*, that it was not made to appear that the decree reserved any right in the trial judge to abrogate or modify any of its terms, and unless reversed or set aside it is conclusive between the parties as to the right of the plaintiff to alimony.

(*a*) The respondent could not go behind the judgment and set up adultery of the woman, to defeat alimony.

(*b*) The case differs from *Jennison* v. *Jennison*, 136 *Ga.* 202 (71 S. E. 244, Ann. Cas. 1912C, 441), which had reference to punishment for contempt for failure to pay temporary alimony, in which it did not appear that the respondent knew of the adulterous character of his wife before the order was granted.

(*c*) The evidence relating to the ability of the respondent to comply with the terms of the decree specifying sums to be paid weekly to the plaintiff did not require a finding that the respondent was unable to pay the amount.

4. Applying the foregoing principles, there was no error in adjudging the respondent in contempt.

*Judgment affirmed. All the Justices concur.*

JANUARY 11, 1917. REHEARING DENIED FEBRUARY 16, 1917.

Rule for contempt. Before Judge Charlton. Chatham superior court. April 22, 1916.

*Twiggs & Gazan,* for plaintiff in error.