## WOODALL *v.* WOODALL.

FISH, C. J. In a proceeding for permanent alimony under the Civil Code, § 2986, where there was no action for divorce pending, a decree based on a verdict was granted, allowing the wife "the sum of one hundred and fifty dollars each year, to be paid twelve and one half dollars each month, beginning on the 15th day of January, 1912." There was no exception to the decree, and for a time payments were duly made by the husband. Subsequently the husband ceased to make payments, and the wife instituted proceedings for attachment for contempt of court. By way of defense the husband set up a decree of total divorce obtained by him against his wife subsequently to the rendition of the alimony decree, in a separate proceeding which did not refer to or purport to modify the decree for alimony; also his inability to pay the amount specified in the decree. On the hearing the judge, to whom the case was submitted upon an agreed statement of facts, ordered the husband to pay the amount of alimony that he had omitted to pay, and in default thereof that he be committed to jail. *Held:*

1. The decree allowing permanent alimony was final between the parties, and a failure to pay alimony as provided therein may be punished as for a contempt of court. *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415); *Gorham* v. *Gorham*, 147 *Ga.* 433 (94 S. E. 555).

2. The evidence relating to the alleged inability of the respondent to com-

ply with the terms of the decree did not require a finding that he was unable to pay the amount.

3. Under the pleadings and evidence there was no error in ordering the respondent to pay the amount specified in the order, and in default thereof to be punished as for contempt.

*Judgment affirmed. All the Justices concur.*

No. 24. FEBRUARY 16, 1918.

Attachment for contempt. Before Judge Munro. Taylor superior court. November 11, 1916.

*W. D. Crawford,* for plaintiff in error. *C. W. Foy,* contra.