## GILBERT *v.* GILBERT.

1. In proceedings for divorce and permanent alimony, where after a final verdict a decree has been rendered, dissolving the marital relations between the parties and awarding alimony for the wife and stated sums for the support of the children, the decree thus rendered is final in its nature and passes beyond the discretionary control of the trial judge, and he has afterwards no authority either to abrogate it or modify its terms.

2. The amount of alimony and stated sums for the support of the minor children, under a decree rendered upon the final verdict of divorce, was res adjudicata; and the court did not err in dismissing the petition seeking an additional allowance.

No. 2243.    MAY 13, 1921.

Application for alimony. Before Judge Mathews. Bibb superior court. August 18, 1920.

Mrs. Julia Gilbert filed her petition against Thomas Gilbert, alleging, that they had been husband and wife and lived together as such for thirteen years; that two children were born of this marriage, one being 15 years of age and the other 13 years of age at the time of the filing of this petition; that on August 31, 1917, the marriage relations between plaintiff and defendant were dissolved by a verdict and decree of Bibb superior court, and by the terms of the decree the custody of the children was awarded to petitioner, and it was further adjudged and decreed that petitioner should receive $1 per month as permanent alimony for herself, and should receive the further sum of $40 a month as permanent alimony to be used for the benefit of the children; that the sum awarded under the decree is insufficient for the support and maintenance of the minor children, on account of the increase in the cost of the necessaries of life since the date of the decree, and, moreover, the needs of the minor children as they advance in years are largely increased, both of the children being girls; that petitioner has been forced to contribute out of her earnings to the support of the children; and that now, on account of ill health, she is unable to work and earn anything at all; that the father of the children, the defendant, is able to furnish them with sufficient money to meet their needs; that he is earning the sum of $300 per month as a traveling mechanic, besides having an income from several investments; and that a sum of at least $85 per month is necessary to meet the actual expenses incurred in supporting the children, and the allowance of $40 per month is unjust and inequitable. The decree and

judgment for alimony is in part as follows: " It is further ordered and adjudged that the said Thomas Gilbert pay to Mrs. Julia Gilbert the sum of $40.00 per month, being $20.00 per month for Louise and Kathleen Gilbert each, . . said sum of $40.00 being the permanent alimony allowed said minor children, until the further order of this court." Thomas Gilbert has made payments in accordance with this decree. Petitioner prays that the decree be modified and changed, and that she be granted the sum of $45 a month additional as permanent alimony for the two children's support, and the sum of $45 a month as temporary alimony for the same children, besides a reasonable sum as attorney's fees.

The defendant filed a plea of res adjudicata, and also general and special demurrers. Upon a hearing at chambers before the appearance term, the court considered the demurrer, as stated in his order, as a showing upon the law in the case, and held that the issue raised by the petition had been formerly adjudicated; and it was therefore ordered and adjudged that the prayers of the petitioner for alimony and attorney's fees in addition to the amount awarded under the former decree and judgment be denied. The plaintiff excepted.

*B. B. Renitz* and *H. F. Strohecker*, for plaintiff.

*Robert G. Plunkett*, for defendant.

BECK, P. J. (After stating the foregoing facts.) Some three years prior to the filing of the present suit the marriage relations between the plaintiff and the defendant had been dissolved by a verdict and decree of divorce then rendered. The suit upon which the verdict and decree was rendered, dissolving the marital relations between the plaintiff and the defendant and awarding stated sums as permanent alimony for the wife and for the support and maintenance of the children, was between the same parties and involved the same subject-matters as are here involved. And that judgment and decree was final in its nature, and passed beyond the control of the court for purposes of change or modification. In the case of *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415), it was said: " After the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority either to abrogate it or to modify its terms, unless the power to do so is reserved in the decree. The

power to revise and review allowances of alimony, which is vested in the judges of the superior courts by the Civil Code, § 2978, applies exclusively to the revision and review of allowances of temporary alimony. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977)." In the case first cited it was held that a decree like the one in the present case, allowing alimony, passed beyond the discretion and control of the circuit judge, and that he had no authority afterwards to either abrogate it or modify its terms, unless the power to do so was reserved in the decree. In neither the *Coffee* case nor the *Wilkins* case, as will be seen from the reports of them, was the power to abrogate or modify the terms of the decree reserved; and the decisions in those cases amount simply to a ruling that the decrees there under consideration could not be changed or modified by the judge. If the expression, " unless the power to do so is reserved in the decree," used in the decisions in those cases, is an intimation that where the power is so reserved the court can modify the decree, it is obiter dictum; for that question was not involved in those cases, there being no such reserved power, and is not controlling as authority upon the issue made in this record. Section 2954 of the Civil Code reads as follows: " In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application — or at the time of the separation, if the parties have separated, — distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court. The jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the source from which the property came into the coverture." Section 2956 declares: " The verdict of the jury shall specify the kind of divorce granted, and the disposition to be made of the scheduled property." And section 2961 is in the following language: " The verdicts of juries disposing of the property in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in chancery courts, as will effectually and fully execute the same." And in section 2981 it is provided: " If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor chil-

·dren shall be entitled to for their permanent support." Thus it will be seen that it is the duty of the jury to fix the amount of the alimony and the amount the minor children shall be entitled to for their permanent support. See, in this connection, *Gholston* v. *Gholston,* 54 *Ga.* 285, and *Odom* v. *Odom,* 36 *Ga.* 286. The statutes clearly contemplate that the jury shall fix the amount of alimony and the allowance for the support of the minor children, and we find no provision authorizing the judge to change or alter this amount; and in the absence of an express provision in the statute, we are not authorized to hold that the court can do this, thus altering the finding of the jury. Cases from other States, under the rulings of which the judge would be authorized to modify a decree allowing permanent alimony, will be found to have been rendered in the construction of the statutes of those States which differ from ours, and not binding as authority here, in view of our statutes placing it within the province of the jury to fix the amount of alimony and allowance for the support of the minor children. The amount allowable as alimony as support for the children in the instant case was res adjudicata, and the court did not err in dismissing the petition.

        *Judgment affirmed. All the Justices concur.*