## HENDERSON *v.* HENDERSON.

No. 7478. APRIL 18, 1930.

*Porter & Mebane,* for plaintiff in error. *J. F. Kelly,* contra.

Russell, C. J.   J. S. Henderson filed a petition alleging that at the October term, 1927, of Floyd superior court his wife, Mrs. Lula Henderson, obtained a verdict and decree for permanent alimony in the amount of $30 per month against the petitioner; that upon this judgment and decree the petitioner had paid the defendant about $600 permanent alimony, which he alleged was not right or in accordance with law or equity, for the reason that since the decree for permanent alimony the petitioner and the defendant have cohabited together for several times on several different occasions, and have been living as man and wife since May, 1929; that the defendant has often agreed to live with petitioner as man and wife, and has been so living with petitioner; that she still is carrying on her claims for alimony for the purpose of forcing him to pay her alimony contrary to law; that the parties are not living in a state of bona fide separation, and therefore the wife is not entitled to alimony of any kind.   The prayers of the petition are (a) that the petition be filed, and process issue, etc.; (b) that petitioner have judgment and decree of the court vacating, setting aside, and annulling the former verdict and decree of the court for permanent alimony; (c) that petitioner have an order restraining the defendant from further collecting or demanding alimony.   The judge granted a temporary restraining order as prayed, and a rule nisi requiring the defendant to show cause why the prayers of the petition should not be granted.   The defendant demurred to the petition, upon the grounds: (1) that it set forth no cause of action; (2) that there is no authority of law, under the statutes of Georgia, warranting a jury in setting aside the verdict and decree complained of, the statute providing that on proper motion and sufficient evidence a judge of the superior court may set aside the verdict and decree; (3) that the superior court of Floyd County was without jurisdiction to grant plaintiff the relief prayed for, only the judge of the superior court having jurisdiction by motion to grant such relief; (4) that under the allegations of the petition the plaintiff is not entitled to an injunction as prayed. There were also two special demurrers, but these were not insisted upon in the argument here.   The court overruled the demurrer, and the defendant excepted.

The only question presented by this record is whether, in the circumstances referred to in the petition, a petitioner who desires

to have set aside a verdict and decree for alimony which has been rendered against him shall proceed by a petition to annul the finding and decree, such petition to be heard by the judge, or whether the matter of setting aside the decree must be adjudicated by the court and jury upon a petition addressed to the court of the county having jurisdiction. In cases where alimony has been required of the husband in favor of his wife, it is provided in section 2990 of the Civil Code of 1910: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby." It thus appears that, though the rights of children are not affected, voluntary cohabitation of the husband and wife subsequently to the award of alimony annuls and sets aside all provision made. The law upon the subject is very plain, but there must be an adjudication in order to determine whether there has been the voluntary cohabitation referred to in the code which works annulment of a pre-existing adjudication awarding alimony or a provision for alimony by deed. It was the contention of the defendant that a judge of the superior court, on proper motion made and upon evidence sufficiently strong, could set aside the verdict and decree by an appropriate order, it being stated in the second ground of the demurrer "that there is no authority of law under the statutes of Georgia warranting a jury in setting aside the verdict and decree complained of." In overruling the demurrer the trial judge held to the contrary, and this presents the only issue in the case.

It is said in the brief of learned counsel for plaintiff in error that the question as to whether the proceeding to set aside a decree for alimony, referred to in section 2990, is to be determined by the judge of the superior court, has not been heretofore passed upon by this court. Even if the precise point has not been ruled, it seems plain to us, under the same principles by which it has been uniformly held that proceedings to set aside a judgment must be instituted and adjudicated by a court and not by a judge, that the trial judge correctly overruled the demurrers. It is provided in section 5962 of the Code of 1910 that "All motions to arrest or set aside a judgment must be made to the court by whom such judgment was rendered." It is declared in section 5963 that "The

judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." It is true that it is a direct and not a collateral attack which is presented in this case; but if a judgment which may be directly attacked can not be collaterally attacked in any other court, it would seem to be likewise impossible to attack it before a judge sitting alone, and the same rule would apply that it should "be taken and held as a valid judgment until it is reversed or set aside." In other words, it must be set aside, not by the judge, or any other kind of court, but in and by the court which originally granted it. And to make the statement last made even more plain, section 5968, which declares that "a judgment that is void may be attacked in any court, and by anybody" also concludes with the express rule that "in all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." In connection with the concluding statement in section 5968, and as perhaps supplying the raison d'être of that section, section 4335 is cited as a cross-reference, which declares that "an adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." Our lawmakers evidently intended that there should be an end of litigation when there has been an adjudication of a specific matter between the same parties, by providing that the judgment should not be set aside except in the same court in which the former judgment was rendered. There is no reason why a verdict and decree for permanent alimony should afford an exception to the general rule. Any misapprehension upon the subject may have arisen from the fact that under the terms of section 2978 it is within the discretion of the presiding judge to revise, alter, amend, or withdraw judgments for temporary alimony. But this case is one where there has been a verdict for permanent alimony and a decree based upon that verdict, and this can not be set aside except by a proceeding for that purpose in the court in which the decree was rendered. In *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415), it was held: "After the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority

either to abrogate it or to modify its terms, unless the power to do so is reserved in the decree. The power to revise and review allowances of alimony, which is vested in the judges of the superior courts by the Civil Code, § 2978, applies exclusively to the revision and review of allowances of temporary alimony. *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977)."

*Judgment affirmed. All the Justices concur.*