## GLAZE *v.* STRENGTH.

No. 12444. September 15, 1938.

*Hardin & McCamy,* for plaintiff in error.

*H. W. McLarty,* contra.

JENKINS, Justice. This was a rule for contempt by a former wife, to enforce a decree for permanent alimony in favor of their minor child, by requiring the payment of $1,450 accumulated monthly payments beginning July 1, 1933, until and inclusive of April, 1938. The decree, entered on September 9, 1932, awarded to the wife a total divorce and custody of the child, and ordered that the husband "pay to plaintiff for support and maintenance of the . . child the sum of $25 per month until said child reaches 21 or is married." By his answer the husband set up that on September 28, 1935, he made a written contract with his former wife, whereby he paid her $400 in consideration of her settlement and release of all claims for alimony, past, present, and

future, for herself and said child under said decree. On motion the judge struck this defense, and on May 6, 1938, entered a judgment finding that the defendant was then indebted $1,100 for past-due and still unpaid alimony, and was guilty of contempt in failing to make the payments required by the decree, but that he could pay this amount at the rate of $15.71 per month until the minor reached majority, and directing that he also make future payments of $25 a month as they became due under the decree, or in default be confined until further order. The defendant excepted only to the striking of his special defense, as a ruling controlling the final adverse judgment.

It is the duty of the jury, on a final verdict in favor of a wife in her suit for divorce, to "specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid; and this they may also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category." Code, § 30-207. Where, as in this case, a jury in the final verdict awards a stated monthly amount for the support of a minor child, to be paid to the wife, and the court so decrees and awards the custody of the child to the wife, the parents themselves can not by subsequent voluntary settlement in effect nullify or essentially modify the final decree so as to deprive the child of the support to which he is entitled by the verdict and decree. *Jones* v. *Jones,* 141 *Ga.* 523 (81 S. E. 441); *Henderson* v. *Henderson,* 170 *Ga.* 457, 459 (153 S. E. 182); *Johnson* v. *Johnson,* 131 *Ga.* 606 (3, 4), 608 (62 S. E. 1044); *Coffee* v. *Coffee,* 101 *Ga.* 787, 788 (28 S. E. 977); *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415). The court did not err, on rule for contempt, in striking from the defendant's answer the defense that, after the final verdict and decree awarding support money of $25 a month to the child, he had paid to his former wife $400 under a written agreement of settlement and release of all alimony claims of herself and the child under the decree, and in directing the payment of accumulated alimony in monthly amounts additional to the future payments provided by the decree.

*Judgment affirmed. All the Justices concur.*