## HARDY *v.* PENNINGTON.

No. 12491. FEBRUARY 16, 1939.

*Paul T. Chance,* for plaintiff. *Curry & Curry,* for defendant.

REID, Chief Justice. Mrs. Nody Pennington filed suit for divorce against Fred C. Pennington. Pursuant to an agreement between the parties the judgment granting the divorce, dated January 20, 1932, awarded the custody of the three minor children to the plaintiff, provided for the payment by the defendant of $50 per month alimony to the plaintiff for the support of herself and the minor children, said payments to be made "to the plaintiff so long as she remains unmarried, or so long as any of the children remain dependent upon her for support and education," and in case of her remarriage said sum was then to be paid to the child or children who might at such time be minors or dependent, "but with the right at that time for the defendant to have the question of dependency and modification reviewed by the court." The judgment further provided that the plaintiff should have a life-estate in a "residence in Blythe," Georgia, the property of the defendant. The plaintiff remarried, and thereafter, on September 17, 1932, on petition of the defendant, the judge passed an order modifying the original judgment by providing that the defendant should pay to the plaintiff $25 per month for the support of the two minor children still remaining with her, the eldest son being then in the

care of the defendant. On December 21, 1933, the plaintiff filed a petition praying that the above order of September 17, 1932, be set aside as illegal and void, and seeking recovery of payments in arrears under and by virtue of the original judgment. The defendant answered, and among other things alleged that only one of the minor children was at that time in the custody of the plaintiff, and prayed that the original judgment be further modified so as to provide a support only for said child. On a hearing held on January 15, 1934, the court denied the prayer to set aside the order of September 17, 1932, adjudged the defendant to be in arrears under the previous orders in the amount of $420.60, and further modified the original judgment by ordering that defendant pay to the plaintiff $20 per month for the support of the child still living with her, a daughter having married. Thereafter, on January 27, 1934, the court passed the following order: "It appearing to the court that the parties to the above-stated cause have agreed upon a settlement of their differences, by raising no question about the correctness and legality of the order dated January 15, 1934, and the payment of the cash sum ordered to be paid under said order, and it further appearing that the defendant, Fred C. Pennington, has deeded his entire interest in the house and lot in Blythe to the plaintiff and the minor son, Fred C. Pennington Jr.; now, therefore, be it ordered, that the order of January 15, 1934, be and the same is further modified to the extent that the defendant will not have to make any further payments until the further order of the court. This modification is made in pursuance to the agreement of the plaintiff that no further payments will be required of the defendant."

On May 21, 1937, the plaintiff filed a petition praying that the orders of September 17, 1932, January 15, 1934, and January 27, 1934, be set aside "as null and void;" that the amount of back alimony due under the original judgment be determined; and that a rule nisi issue calling on defendant to show cause why he should not be required to pay said alimony or be adjudged in contempt. The petition alleged a compliance by the defendant with the order of January 15, 1934, by the payment to the plaintiff of the sum named therein, but charged him with a failure and refusal to thereafter pay to the plaintiff any sum whatsoever, although amply able to do so. In one part of the petition the order of January 27,

1934, is attacked as having been passed "without any proceedings or hearings had," and as being "ambiguous and meaningless." Finally it is charged that the orders of September 17, 1932, January 15, 1934, and January 27, 1934, "attempting to change and modify the original . . decree . . are absolutely null and void, and this court was without jurisdiction to change or modify the same." The defendant responded and set up the making and consummation of the agreement as embodied in the order of January 27, 1934, with plaintiff and her counsel, and charged them with knowledge that "the agreement would be made the judgment of the court." After hearing evidence the judge entered an order that "the prayers of the petition on the rule nisi are hereby denied."

In this State, in a suit for divorce and alimony it is the duty of the jury to fix the amount of alimony and the amount the minor children shall be entitled to for their permanent support. Code, § 30-207. Upon the rendition of a verdict awarding a divorce and alimony, and the entering of a decree in conformity therewith, the court has no power to reserve therein the right to modify thereafter the amount of alimony thus awarded, nor to do such act, except by the consent of the parties. *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415); *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490); *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977). Cf. *Gaines* v. *Gaines,* 169 *Ga.* 432 (150 S. E. 645). As to the sum thus awarded the minor child or children, "the parents themselves can not by subsequent voluntary settlement in effect nullify or essentially modify the final decree so as to deprive the child of the support to which he is entitled by the verdict and decree." In *Glaze* v. *Strength,* 186 *Ga.* 613 (198 S. E. 721), it was held that the judge did not err, in a proceeding by the wife to collect the sum awarded the child by the verdict, in striking the answer of the defendant setting up in defense thereto such a voluntary settlement between himself and the plaintiff. However, in a case where the question of permanent alimony is not passed upon by the jury, but is disposed of by an agreement of the parties, which agreement is made the judgment of the court, the power thereafter to change or modify the decree may be therein lawfully reserved in the court, and where this is done the judgment remains in the control and power of the court thereafter to change or modify it. Upon its face, the original decree was not final, but the reservation contained therein, by agreement

of the parties, plainly indicated an unfinished determination of the matter of permanent alimony, looking towards a possible change in the circumstances of the parties. In the present case the trial judge so construed his order. The court therefore had ample power to change or modify the original decree, which he exercised, and to approve and sanction the agreement of the parties settling all matters in connection therewith. Furthermore, no exceptions were taken to any of the orders of modification now sought to be set aside.

■ Upon conflicting evidence the court was amply authorized to find that the purported agreement embodied in the order of January 27, 1934, was in fact made and consummated by the parties, and that plaintiff and her attorney understood the same to be a final termination of the litigation, if approved and so entered. For no reason assigned did the court err in refusing to adjudge the defendant in contempt.

*Judgment affirmed. All the Justices concur.*