## BANDA *v.* BANDA.

No. 13566. APRIL 15, 1941.

6

*Richard H. Peters* and *Jones, Fuller & Clapp,* for plaintiff.

JENKINS, Justice. ■ While "the order allowing [temporary] alimony shall be subject to revision by the [trial] court at any time" (Code, § 30-204; *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977) ; *Wester* v. *Martin,* 115 *Ga.* 776, 42 S. E. 81), the rule is different as to decrees for permanent alimony. After a decree for permanent alimony has become absolute, there is no authority given under the law by which a trial court is empowered to abrogate or modify the obligation imposed by the decree, unless such a right has been reserved by consent of the parties in the final decree itself. *Hardy* v. *Pennington,* 187 *Ga.* 523, 525 (1 S. E. 2d, 667), and cit.; *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490) ; *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415) ; *Deaderick* v. *Deaderick,* 182 *Ga.* 96 (3, *d*) (185 S. E. 89). Accordingly, whatever might be the change in the financial condition or the ability to pay of the former husband, that is, however much his earning capacity or resources might be enhanced or diminished, the obligation established by the final decree, as above indicated, remains absolutely fixed. The fact that the judge is empowered to take into consideration his change of condition, in determining whether or not he should be adjudged in contempt in such a summary proceeding instituted by the former wife, does not have the effect of empowering the judge to abrogate or modify the liability as fixed by the decree. See *Reese* v. *Reese,* 189 *Ga.* 314 (5 S. E. 2d, 777), and cit.; *Snider* v. *Snider,* 190 *Ga.* 381, 386 (9 S. E. 2d, 654) ; *Newsome* v. *Newsome,* 155 *Ga.* 412 (117 S. E. 90) ; *Potter* v. *Potter,* 145 *Ga.* 60 (88 S. E. 546) ; *Long* v. *Black,* 177 *Ga.* 365 (170 S. E. 233).

■ "One to whom alimony has been awarded may avail herself of any proper legal remedy for the enforcement of her judgment, and to that end may cause successive garnishments to be served on

the employer of the defendant, to subject his salary payable monthly, which is subject to garnishment. The probability of the defendant's loss of employment because of the annoyance to his employer occasioned by the service of summons of garnishment furnishes no ground for enjoining the garnishment proceedings." *Raines* v. *Raines,* 138 *Ga.* 790 (6), 793 (76 S. E. 51).

■ Under the preceding holdings, the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*