## TORRAS *v.* McDONALD

348

Atkinson, Justice.   On April 8, 1936, at the time of taking a final decree for divorce, a consent verdict and judgment covering permanent alimony were taken.   By the terms of the judgment Mr. Torras was to pay to Mrs. Torras (now Mrs. McDonald) "in the nature of maintenance and support for herself and said child," seventy-five dollars per month until the death or remarriage of Mrs. Torras; and in the event of her remarriage, thereafter the amount to be paid to her "for the support and maintenance of . . said child, and until the said child shall reach the age of twenty-one, shall be the sum of forty dollars ($40.00) monthly."   Shortly after the final decree Mrs. Torras remarried, and Mr. Torras fulfilled the terms of the alimony judgment, by paying forty dollars per month, until February 21, 1943.   Upon his failure to continue the payments a rule for contempt was issued.   He answered, that he had ceased making monthly payments because his son, now eighteen years of age "was inducted into the United States Coast Guard, . . is now an able-bodied soldier receiving his support, maintenance, education, uniform, board and lodging, and in addition thereto a salary, and is in every way performing the duty of a grown man and is being recognized as such by the government of his country; . . that it would be contrary to law, equity and good conscience to require this defendant to continue to pay plaintiff, who was remarried, any sums for support of said son when the plaintiff can not render any service to said son or furnish any support; that said sums as alimony awarded for the support of said son were awarded in the nature of a trust for the support of said son during his minority, which said [trust] has become impossible of performance by reason of . . the United States" having "assumed the direction and the custody of said son and in effect is acting as trustee, . . and

is legal custodian, . . has emancipated him from all disabilities of a minority, . . and the trust created by the judgment of the court . . for the support of said son has failed and is now suspended until . . said son shall be discharged from the United States Coast Guard and returns to the custody of the plaintiff and the obligation for support and maintenance falls upon the defendant." He prayed that the judgment be modified or abated until the son was released from the armed service and required his support.

Upon the hearing the judge denied the prayer that the provisions of the judgment be modified or abated during the time the son was in the armed forces, and passed an order holding Mr. Torras in contempt of court, with the privilege of purging himself of contempt by paying said sum instanter. To this order he excepted.

■ The only question here presented is whether a father, against whom there has been rendered a final decree for divorce and a judgment for permanent alimony for the support and maintenance of a minor son, payable monthly until he arrives at the age of twenty-one years, can upon a contempt proceeding have the terms of the alimony judgment abrogated or modified by reason of the son having entered the military service of the United States. In determining the amount of permanent alimony to be paid for the support and maintenance of a minor child and the manner of its payment, there is but one time in which this can be done, and that is when the verdict and decree for permanent alimony are taken. All questions arising that affect the ability of the father to pay and the necessities and needs of the minor must be determined then. The fact that the minor's expense of maintenance may advance with the years, or that by reason of illness or incapacity his necessities of life may be materially increased, must be taken in consideration along with the possibility that during the time to be specified for the payments to be made the child may enjoy a fair earning capacity, or for other reasons his need for assistance might diminish. In making this computation there is necessarily an element of uncertainty, because it makes a provision for the future which can not be definitely foreseen; but once made, it must so remain. While such rule may at times work a hardship on the father or the minor, still it is the only method by

which stability and uniformity of such judgments could be maintained. To permit the judgment to be altered by the trial judge, and to vacillate or fluctuate according to the rise and fall of the needs of the minor, would lead to endless confusion and constant litigation. Accordingly, this court has uniformly adhered to a doctrine that would not permit such a judgment to be modified or abrogated. "After the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority either to abrogate it or to modify its terms, unless the power to do so is reserved in the decree." *Wilkins* v. *Wilkins,* 146 *Ga.* 382 (91 S. E. 415); *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977); *Woodall* v. *Woodall,* 147 *Ga.* 676 (95 S. E. 233); *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490); *Henderson* v. *Henderson,* 170 *Ga.* 457 (153 S. E. 182); *Hardy* v. *Pennington,* 187 *Ga.* 523 (1 S. E. 2d, 667). The decree in the present case reserves no right to alter, change, or modify its terms.

■ The attorney representing Mr. Torras takes the position that the circumstances of the instant case are sufficient to take it out of the general rule, and insists it should be controlled by the decision in *White* v. *Murden,* 190 *Ga.* 536 (9 S. E. 2d, 745), where this court held: "An allowance of money in a decree for divorce and alimony, made purely for the use of the wife and payable in monthly instalments, ceases upon her remarriage." His insistence is predicated on the theory that Congress has the power to induct minors in the military service, with or without the consent of their parents; that the support and maintenance of the minor during military service is an obligation of the United States Government; that upon induction in the armed forces parental control is taken from the parent and transferred to the military authorities; that the need for support and maintenance by the parent ceased to exist; and that in fact the minor had been emancipated. We do not think the principle here involved stands upon the same basis as that decided in *White* v. *Murden,* supra, as in that case the court held that upon the remarriage of the wife the permanent alimony ceased, the effect of such ruling being that remarriage was an act that terminated the right to further alimony. The induction of a minor son into the armed forces is nothing

more than a rise or fall of the needs of a minor for maintenance and support, and is indefinite and uncertain as to the duration of such status.

The court did not err in holding Mr. Torras in contempt.

*Judgment affirmed.  All the Justices concur.*