## CHANDLER v. CHANDLER.

DUCKWORTH, Presiding Justice. 1. While a judgment for permanent alimony, based upon an agreement of the parties, which was not excepted to and which judgment contained no reservation of jurisdiction for the purpose of later modifying the same, passes beyond the discretionary control of the trial judge, and he has no authority thereafter to modify the terms of such judgment (*Coffee* v. *Coffee*, 101 Ga. 787, 28 S. E. 977; *Wilkins* v. *Wilkins*, 146 *Ga.* 382, 91 S. E. 415), yet where such judgment for permanent alimony is based upon an agreement of the parties and the judgment reserves the right of the judge of the superior court to modify the same in the exercise of his discretion in accordance with the economic condition of the husband thereafter, the judge may, on application of the wife subsequently to such judgment, modify the same in accordance with the terms of the agreement of the parties, which was made the judgment of the court. *Hardy* v. *Pennington*, 187 *Ga.* 523 (1 S. E. 2d, 667).

2. In the present case, the agreement of the parties, which was made the judgment of the court, provided for the payment of $20 per month as permanent alimony, and further provided for retention of jurisdiction in the court to modify the award upon a showing of "a substantial increase in the earnings" of the husband. On a first application for modification, based on the ground of an increase in the earnings of the husband, the alimony was increased to $35 per month. This judgment was unexcepted to. Thereafter the present application for modification, based solely upon an alleged change in the economic condition of the wife, was filed. In the judgment denying this application, the trial court ordered that the agreement of the parties be declared the law of the case, for the reason that it failed to provide that the court retain jurisdiction to modify the award. Although the trial court erred in

assigning this as a reason for denying the application, the judgment is correct insofar as it holds that the application set forth no valid ground for modification as contemplated by the terms of the agreement. However, it was error to hold that the agreement of the parties is the law of the case and to fix the alimony at $20 per month, as provided therein. Accordingly, the judgment is

*Affirmed in part, and reversed in part. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16208. JULY 15, 1948.

*Robert M. McCartney* and *Thomas E. McLemore,* for plaintiff.
*John R. Burress* and *Francis Y. Fife,* for defendant.