VARBLE *v.* HUGHES.

No. 16509.   FEBRUARY 14, 1949.   REHEARING DENIED MARCH 16, 1949.

30

*Martin McFarland*, for plaintiff.

*Thomas E. McLemore*, for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) While, in order to state chronologically the various proceedings constituting the history of this case, much appears in reference to the custody of the children, the custody, though incidentally involved, is not the principal question for determination. The controlling question here is whether, by a consent decree, the trial court could modify the original judgment awarding permanent alimony for the benefit of the children.

Prior to the second verdict for divorce, an agreement had been placed upon the court records, in which alimony for the children had been fixed at $50 per month, unless the husband's salary, which was then $260 per month, was reduced below $150 per month, in which event the alimony award would be proportionately reduced. The jury verdict contained this provision, as did also the original judgment of the court. There is nothing in the record to show that the salary of the husband has been reduced to $150 per month, thus authorizing a modification in accordance with the terms of the original decree. The consent judgment of March 27, 1947, wherein, by agreement as to the custody of the children, it was sought to waive the permanent alimony provided for the children in the original decree, is a void judgment, as the trial judge had no authority to modify its terms. A final decree for permanent alimony, not excepted to, passes beyond the discretionary control of the trial judge; and he has then no authority to modify its terms, unless authority to do so is reserved in the decree. *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977); *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (1) (91 S. E. 415); *Hardy* v. *Pennington*, 187 *Ga.* 523 (1) (1 S. E. 2d, 667); *Torras* v. *McDonald*, 196 *Ga.* 347 (1) (26 S. E. 2d, 598); *Chan-*

*dler* v. *Chandler*, 204 *Ga.* 40 (1) (48 S. E. 2d, 841). The parents themselves cannot by subsequent agreement nullify or modify the final decree so as to deprive the children of the alimony granted by the verdict and decree. *Glaze* v. *Strength*, 186 *Ga.* 613 (198 S. E. 721).

From the foregoing it is apparent that the father is in arrears as to the monthly alimony. Accordingly, the court erred in sustaining a demurrer to the first and third paragraphs of the petition, and in not holding the father in contempt of court.

*Judgment reversed. All the Justices concur.*