## BOWERS *v.* BOWERS.

DUCKWORTH, Chief Justice. 1. While in a divorce action the decree awarding custody of a minor child of the parties, without any reservation of jurisdiction, is final and conclusive, and cannot, by reason of facts or conditions subsequently transpiring, be amended or modified after the term, affecting the merits on the facts then existing (*Richards* v. *McHan,* 139 *Ga.* 37 (3), 76 S. E. 382; *Crowell* v. *Crowell,* 191 *Ga.* 36, 11 S. E. 2d, 190; *Bank of Tupelo* v. *Collier,* 192 *Ga.* 409, 412, 15 S. E. 2d, 499. See also *Chandler* v. *Chandler,* 204 *Ga.* 40, 48 S. E. 2d, 841; *Varble* v. *Hughes,* 205 *Ga.* 29, 52 S. E. 2d, 303), yet the custody of the child may subsequently be awarded to the other party where there is a change of conditions or circumstances affecting the welfare of the child. *Willingham* v. *Willingham,* 192 *Ga.* 405, 406 (1) (15 S. E. 2d, 514); *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (6-a) (16 S. E. 2d, 24); *Brooks* v. *Thomas,* 193 *Ga.* 696 (1) (19 S. E. 2d, 497); *Fortson* v. *Fortson,* 195 *Ga.* 750 (3) (25 S. E. 2d, 518); *Jordan* v. *Jordan,* 195 *Ga.* 771 (2) (25 S. E. 2d, 500).

2. The petition in the present case, alleging misconduct upon the part of the defendant, affecting the welfare of the child, since the award of its custody to her in an action of divorce, and praying that the custody be awarded to the petitioner, but not seeking to modify the original

decree in respect to the facts on which it was based, as contended by the plaintiff in error, was not subject to the general demurrer.

3. Where in a plea of res adjudicata it was alleged, with exhibits of former pleadings and decree attached, that the present charges of misconduct upon the part of the defendant since the award of its custody to her in the original divorce action had been adjudicated adversely to the petitioner by a decree entered on August 11, 1947, but such misconduct was alleged to have occurred in the years 1948 and 1949, the court did not err in not sustaining the plea in its entirety but only as to any misconduct prior to the rendition of the decree on August 11, 1947. *Judgment affirmed. All the Justices concur.*

No. 16770. SEPTEMBER 14, 1949.

*William Butt,* for plaintiff in error.
*Wood & Tallant,* contra.