Ex Parte DURDEN, administratrix.

WYATT, Justice. Mrs. Clyde Myrtle Durden filed this suit as administratrix of the estate of Hallie Rufus Durden, seeking to remove the disabilities under which the deceased had been placed in connection with a previous divorce suit. It appeared that Hallie Rufus Durden married Susie Mae Durden in 1914. In 1923, Susie Mae Durden sued Hallie Rufus Durden for a divorce, which was granted, but Hallie Rufus Durden was not permitted to marry again. On August 27, 1927, Hallie Rufus Durden married Clyde Myrtle Durden, plaintiff in this suit. On March 24, 1950, Hallie Rufus Durden died, and later Clyde Myrtle Durden was appointed administratrix of the estate of the deceased. On September 27, 1952, Mrs. Durden as administratrix filed this suit to remove her deceased husband's disabilities under which he was placed in the divorce decree dissolving his first marriage. The record discloses that Mrs. Susie Mae Durden Kennedy was served, and that she has joined in the prayers of the petition. No one objected to the removal of the disabilities as prayed. The court below denied the prayers of the petition and dismissed it without submitting the case to the jury. The petitioner excepted to that judgment and carried her case by writ of error to the Court of Appeals. That court transferred the case to this court as being a case within the jurisdiction of the Supreme Court. *Held:*

In so far as we have been able to find, the question here presented has never been before this court, and counsel admits that he has found no similar case. The petitioner bases her right to maintain this action upon the rule of common law stated in Page *v.* Lewis, 203 S. C. 190, 193 (26 S. E. 2d, 569), to the effect that, "Under the rule of the common law, the only causes of action that do not survive the death of either party, . . are causes of action ex delicto." It is argued that the cause of action in the instant case is not one ex delicto, and therefore survived the death of the deceased. This conclusion does not necessarily follow. The action here sought to be maintained is not a common-law action. There was no divorce as such at common-law. However, ecclesiastical courts did grant a divorce from bed and board only, and neither party could remarry, and no action was provided which would permit them to remarry. When our divorce statute was

enacted permitting a total divorce or divorce a vinculo matrimonii, but permitting the jury to say whether or not the guilty party should be permitted to remarry, the action now sought to be maintained was then provided to permit the guilty party to go into court and have the provision against his remarrying removed. The action is, therefore, purely statutory, and we must look to the statute to determine its intent. The Code section under which this action is brought is § 30-123, which reads in part as follows: "When any person laboring under disabilities imposed by the granting of a divorce shall desire to be relieved of the same, such person shall file in the superior court of the county wherein the divorce was granted, a petition in which there shall be stated the date of the application for the divorce, the grounds for the divorce, and the substance of the last verdict, which petition shall be filed with the clerk of the superior court of said county." A mere reading of the portion of the Code section above quoted discloses that it is intended that the action authorized thereby is to be personal to the party placed under disabilities and is for his benefit. The language, "When any person laboring under disabilities imposed by the granting of a divorce shall desire to be relieved of the same," makes it clear that the action is for the person laboring under disabilities, and that it is such person who must have the desire to have his disabilities removed. No provision is made for anyone else's desires, and no one else is authorized to file the action. We recognize that the petitioner is the personal representative of the deceased, and that she desires to have the deceased's disabilities removed, but the Code section provides that it is the party placed under disabilities who shall have the desire to have his disabilities removed, and in this case that party is dead and can have no desire either way about the matter. We, therefore, hold that an action to remove disabilities imposed by the granting of a divorce must be brought by the person placed under such disabilities, and that, at his death, the cause of action is likewise dead and can not be maintained by anyone in his own behalf or in behalf of the deceased. The judgment of the court below was therefore not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18158. SUBMITTED MARCH 9, 1953—DECIDED APRIL 13, 1953.

*Sullivan & Maner*, for plaintiff in error.