24801. DONALDSON, Administrator v. BALDWIN et al.

SUBMITTED SEPTEMBER 10, 1968—DECIDED OCTOBER 10, 1968.

*Harris & Royal, Jackson B. Harris, Robert L. Royal,* for appellant.

*Harold N. Wollstein, George Anderson,* for appellees.

ALMAND, Presiding Justice. Mildred Irene Baldwin brought her petition against Harry Donaldson as administrator of the estate of Walter Baldwin, deceased, seeking to have transferred to her certain shares of stock in WIYN Radio, Inc. which she is allegedly entitled to under the alimony and support provisions of her divorce decree from Walter Baldwin. In her petition the plaintiff alleged that: She and Walter Baldwin entered into a contract which was attached to the petition and which pro-vided that Walter Baldwin would pay her $10,000 in sixty-six instalments and the payment thereof would be secured by 25 shares of stock in WIYN Radio, Inc. which were to be held by the Clerk of the Floyd County Superior Court. This contract was made a part of the final decree in the action for divorce between the plaintiff and Walter Baldwin. Harry Donaldson is the duly appointed administrator of the estate of Walter Baldwin, deceased. Plaintiff has not received any payment under this contract although payment is due. Plaintiff prayed that the defendant be declared in default in payments due the plaintiff and that the stock securing payment be transferred to her.

Plaintiff made a motion for summary judgment, and the parties stipulated that Walter Baldwin had paid the plaintiff $425 under the provisions of the contract between October 26, 1965, and March 22, 1966. After hearing argument of counsel for both parties, the trial court granted the plaintiff's motion for summary judgment finding the plaintiff was entitled to 24 of the 25 shares of stock of WIYN Radio, Inc. which were placed in the hands of the Clerk of Floyd County Superior Court and ordering that said 24 shares of stock be transferred to the plaintiff. Defendant appeals from this order.

The controlling issues in this case are: (1) whether the divorce decree between the plaintiff and Walter Baldwin, deceased, properly incorporated the alimony and support provisions of the contract executed by the parties and, if so, (2) whether the terms of the contract providing for alimony and support are to continue beyond the death of the husband.

The pertinent portion of the final divorce decree between Mildred Irene Baldwin and Walter Baldwin provides: "The court fixes alimony and support for the wife and child as follows: In accordance with the terms of the contract executed by the parties on 26 October 1965 and attached this petition." The terms of the contract of October 26, 1965, between the parties fixing alimony and support are as follows: "The Second Party [Walter Baldwin] herein shall pay to First Party [Mildred Irene Baldwin], the sum and amount of one hundred fifty and no/one hundredths ($150.00) dollars, per month, commencing on the 1st day of November, 1965, in sixty-six (66) instalments, of said amount, and one (1) final instalment of one-hundred and no/one hundredths ($100.00) dollars, making a total of ten thousand and no/one hundredths ($10,000.00) dollars, the same to be secured by twenty-five (25) shares of Radio Station WIYN, Inc. stock, as hereinafter provided, and to represent a full, final and complete settlement of all claims which First Party has against Second Party for money allegedly loaned Second Party as well as all rights to support, alimony and property of said Second Party.

"The Parties hereto agree and ask the court to provide in the final decree herein that the clerk of this court shall be authorized to take said stock certificates and hold the same, until the payments have been made and that said payments shall also be made through the Probation Officer of the Juvenile Court of Floyd County, Georgia.

"In the event Second Party shall fail to make the payments for more than sixty (60) days, or fail to make up any arrears, within sixty (60) days, the Second Party hereto authorizes the court by this contract and agreement, to direct as a part of the divorce settlement herein, that said stock be transferred and assigned by decree of this court to the First Party herein and

expressly authorizes the Clerk of Floyd Superior Court and his successors in office, upon the direction of the Floyd Superior Court, to endorse upon said certificate of stock, a transfer as his agent and attorney in fact, to the said First Party, a transfer of such number of shares of said stock as will represent the unpaid balance in arrears, as provided hereinbefore, and for the purpose of this agreement, each share of stock is given a value of four hundred and no/one hundredths ($400.00) dollars.

"When Second Party has completed his payments as provided herein, to First Party, said clerk shall be authorized to turn over said stock certificates to Second Party, his heirs, administrators, successors or assigns."

The defendant does not assert that a valid and enforceable contract cannot be made between husband and wife, while living in a state of separation, settling all issues as to alimony and support (*Watson v. Burnley*, 150 Ga. 460 (104 SE 220); *Brown v. Farkas*, 195 Ga. 653 (25 SE2d 411)), but does contend that the provisions of the contract in question fixing alimony and support were not approved and made the decree of the trial court. This contention is without substance. The express language of the divorce decree fixes the alimony and support in accordance with the contract thereby incorporating at least those portions of the contract quoted above. See *Ramsay v. Sims*, 209 Ga. 228 (71 SE2d 639) (Atkinson, P. J., not participating). It is unquestionable that all portions of the contract providing for the amount, payment, and securing of the payment of alimony and support were made a part of the divorce decree.

Secondly, defendant contends that upon the death of the husband the alimony payments ceased, and they are not a charge against the deceased's estate. However, the general rule is that contracts for the payment of alimony should be given full force and effect and continue for the period provided by the contract which may be beyond the death of the husband. *Ramsay v. Sims*, 209 Ga. 228, 237, supra. The language of the contract expresses the intent of the parties that the contract should continue until the lump sum was paid by providing that the 25 shares of stock were to secure the complete payment of the $10,000 and that the stock would not be returned to the de-

ceased until all payments had been made. Furthermore, the terms of the contract clearly set forth (1) the amount agreed upon, (2) an instalment plan of paying that amount, (3) a means of securing the complete payment of the amount, (4) a method for determining default which would call for the payment of the secured amount and (5) a procedure for completing payment of the lump sum in the event of a default in payment of the stated amount. These provisions compel the conclusion that the contract provides for a lump sum alimony payment of $10,000 to the plaintiff which does not terminate upon the husband's death. *Green v. Starling,* 203 Ga. 10 (45 SE2d 188) (Atkinson and Head, JJ., dissenting); *Melton v. Hubbard,* 135 Ga. 128 (2) (68 SE 1101). With both of the controlling issues being resolved in the affirmative, the trial court properly granted the plaintiff's motion for summary judgment thereby transferring the stock in question to the plaintiff.

*Judgment affirmed. All the Justices concur.*