25257. CHARLES v. CITIZENS & SOUTHERN NATIONAL BANK OF ATLANTA, Executor.

UNDERCOFLER, Justice. The Citizens & Southern National Bank of Atlanta as executor under the will of James Shelly Charles brought an action against Mrs. Alice Stone Charles in the Superior Court of Fulton County, Georgia, to modify an alimony award. The petition alleges that a divorce decree was entered on January 28, 1953, in the case of Mrs. Alice Stone Charles v. James Shelly Charles which incorporated therein a contract entered into between the parties on December 23, 1952. The contract provided that the husband would pay the wife $1,000 per month as alimony and "In the event that there should be a drastic change in the financial circumstances of the said James Shelly Charles, or in the event that there should be a drastic increase in the cost of living nationwide, then the parties shall use their best efforts to reach agreement on revised payments to be made hereunder, and if the parties be unable to agree, then the payments to be made shall be fixed by the court which tries the divorce action referred to hereinabove." The contract also provided that the alimony payments would continue after the death of the husband. The petition alleges that at the time of the entry of the divorce decree James Shelly Charles had an income of $62,000 to $72,000 per year in addition to his income from investments and that the total income of the estate is approximately $20,000 per year. It contends that

under the terms of the contract entered into between the parties, the alimony payments to the former wife should be reduced from $1,000 per month to $500 per month.

The defendant filed a motion to dismiss the petition on the ground that it did not set forth a cause of action against her. The trial judge overruled the motion to dismiss the petition and certified that ruling for review. *Held:*

An action for divorce and alimony is personal. The death of one of the parties before the decree abates the action. Thereafter the court no longer has jurisdiction to render a judgment therein. *Chatsworth Lumber Co. v. White*, 214 Ga. 798 (1) (107 SE2d 827). The right to apply for a modification of the alimony decree necessarily has the same characteristic as the original action and is also purely personal. Accordingly, such right does not survive the death of either party. See *Harris v. Tison*, 63 Ga. 629 (36 AR 126); *Elliott v. Cline*, 184 Ga. 393 (191 SE 372); and *Ex Parte Durden*, 209 Ga. 721 (75 SE2d 548).

It follows that the petition should have been dismissed on motion of the defendant.

*Judgment reversed. All the Justices concur, except Mobley, P. J., and Felton, J., who dissent.*

ARGUED JULY 15, 1969—DECIDED SEPTEMBER 8, 1969— REHEARING DENIED SEPTEMBER 29, 1969.

*Huie & Harland, W. Stell Huie, Pearce D. Hardwick,* for appellant.

*Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., Max B. Hardy,* for appellee.

FELTON, Justice, dissenting. "The general rule is that contracts for the payment of alimony should be given full force and effect and continue for the period provided by the contract which may be beyond the death of the husband." *Donaldson v. Baldwin*, 224 Ga. 680, 682 (164 SE2d 141), citing *Ramsay v. Sims*, 209 Ga. 228 (71 SE2d 639). "A right given by statute to the husband to apply for a modification of an alimony decree after the wife's remarriage is not personal to the husband, and if he should die, his personal representative may apply for a modification." 27B CJS 196, Divorce, § 277 (b). Where the

provisions of the contract fixing alimony are approved and made the decree of the trial court, they become an enforceable part of the divorce decree. *Donaldson v. Baldwin,* supra, p. 682. "[I]n a case where the question of permanent alimony is not passed upon by the jury, but is disposed of by an agreement of the parties, which agreement is made the judgment of the court, the power thereafter to change or modify the decree may be therein lawfully reserved in the court, and where this is done the judgment remains in the control and power of the court thereafter to change or modify it." *Hardy v. Pennington,* 187 Ga. 523, 525 (1 SE2d 667); *Chandler v. Chandler,* 204 Ga. 40 (1) (48 SE2d 841).

In the present case, the 1953 divorce decree provided that the alimony contract was "by reference made a part of this judgment as fully as though set out in full herein *as to all matters covered by said contract.*" (Emphasis supplied.) This effectively made the agreement the judgment of the court. Furthermore, it became the judgment "as to *all* matters covered by the contract." It is unquestioned that the contract provides for (a) modification of the amount of the payments by the court where the parties are unable to agree thereon; and (b) continuation of alimony payments after the death of the husband. The majority recognizes the court's jurisdiction to modify its judgment during the husband's lifetime, but not thereafter, on the ground that the judgment is personal as to him. In my opinion, this holding fails to give effect to the rule in such cases as *Hardy* and *Chandler,* supra, as hereinabove stated, whereby the jurisdiction to modify the present judgment was reserved in the judgment itself. How can the judgment be personal to the husband when he specifically agreed and contracted to have payments continue *after his death* (which he was not obligated to do)? Is it logical to assume that the parties would provide for modification of payments due to changing conditions during the husband's lifetime and make no similar provision for the benefit of the estate and the widow?

It is clear to me that the contract, by providing for modification of payments and their continuation after the husband's death, impliedly contemplated and consented to a continuing

jurisdiction in the court to give effect to the parties' expressed intention of providing for modifications. It is equally clear that, although the parties could not bestow such jurisdiction on the court merely by their contract alone, the court could, and did, reserve such jurisdiction *by necessary implication* when it incorporated in its judgment the contract and *all of its provisions*.

The above is not affected by *Code Ann.* §§ 30-220 through 30-225, which are not applicable to this case. The only way these statutes could have been made constitutionally applicable to judgments rendered prior to the March 9, 1955, date specified in Ga. L. 1957, pp. 94, 95 (*Code Ann.* § 30-224) was by requiring the consent of both parties to judgments rendered prior thereto for any modification of said judgments. The written consent to the revision, amendment, alteration, etc., of judgments rendered prior to March 9, 1955, which § 30-224 (a) makes a condition precedent to the applicability of the above Code sections, must mean consent to the last attempted revision, etc., of the judgment in order for said law to be constitutional. Since there is no such agreement or written consent to the attempted revision of the judgment, the above statutes cannot constitutionally apply in this case, with the result that the case is controlled by the law prior to the adoption of these statutes, as set out hereinbefore.

In my view, the majority fails to give the contract the "full force and effect" required by the *Donaldson* case, supra, when it enforces the provision for payments after the husband's death, but refuses to enforce the correlative contractual and judicial provision for modification of such payments for the same reasons as made the provisions for such modification necessary and desirable during the husband's lifetime.

Accordingly, I would affirm the judgment overruling the motion to dismiss the complaint.

I am authorized to state that Presiding Justice Mobley concurs in this dissent.